Mr. Justice CLIFFORD
 

 delivered the opinion of file court.
 

 Amended plea of the defendant admitted, as the declaration alleged, that the plaintiff, when the note was made and delivered, was a citizen of the State of Few York; and that the defendant was a citizen of the State of Wisconsin, where the note is dated and was executed. Action was assumpsit to recover the amount of a certain promissory note, described in the notice of claim annexed to the declaration. Defendant pleaded his discharge in insolvency from all his debts prior to the commencement of the action under the insolvent laws of the State where he resides, and where the contract was executed between the parties. Plaintiff demurred specially to the plea, and the defendant joined in demurrer.
 

 Causes of demurrer shown were :
 

 First. That the plea tendered an immaterial issue.
 

 Second. That the insolvent court exceeded its jurisdiction in attempting to determine the rights of the plaintiff under this contract, as he was a citizen of another State, and never became a party to the proceedings in insolvency.
 

 Third. That the discharge in insolvency set up in defendant’s plea is nugatory, because the insolvent law of the State as to the plaintiff is unconstitutional and void.
 

 Circuit Court overruled the demurrer and rendered judgment for the defendant; whereupon the plaintiff sued out this writ of error and removed the cause into this court.
 

 State legislatures may pass insolvent laws, provided there be no act of Congress establishing a uniform system of bankruptcy conflicting with their provisions, and provided that the law itself be so framed that it does not impair the obligation of contracts. Certificates of discharge, however, granted under such a law, cannot be pleaded in bar of an action brought by a citizen of another State in the courts of the United States, or of any other State than that where
 
 *411
 
 the discharge was obtained, unless it appear that the plaintiff proved his debt against the defendant’s estate in insolvency, or in some manner became a party to the proceedings. Insolvent laws of one State cannot discharge the contracts of citizens of other States; because such laws have no extra territorial operation, and consequently the tribunal sitting under them, unless in cases where a citizen of such other State voluntarily becomes a party to the proceedings, has no jurisdiction of the case.
 
 *
 

 Unquestionably, the decision in those cases controls the present case, and renders further remarks upon the subject unnecessary. Demurrer should have been sustained.
 

 Judgment REVERSED with costs, and the cause remanded for further proceedings in conformity to the opinion of this court.
 

 *
 

 Baldwin v. Hale, 1 Wallace, 223; Baldwin
 
 v.
 
 Bank of Newbury, Id. 234.