## In re DAREVSKI.

(District Court, E. D. Pennsylvania. June 24, 1909.)

### No. 2,739.

BANKRUPTCY (§ 408*)—DISCHARGE—GROUNDS FOR REFUSAL—OBTAINING PROPERTY BY FALSE STATEMENTS.

Where it is clearly shown that a bankrupt obtained goods on credit by means of a statement in writing made for the purpose, and which contained one or more material statements which were false, and known by him to be so, it is the plain duty of the court to refuse him a discharge, under Bankr. Act July 1, 1898, c. 541, § 14b (3), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427) as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1907, p. 1026).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–734; Dec. Dig. § 408.*]

In Bankruptcy. On application for discharge.

Jacob Weinstein and Samuel W. Salus, for bankrupt.
George Wentworth Carr, for objecting creditors.

J. B. McPHERSON, District Judge. The report of the special referee (Theodore M. Etting, Esq.) shows satisfactorily that the bankrupt obtained goods on credit from one of the objectors by means of a statement in writing made for such purpose, that the creditor relied upon the correctness of the items in such statement, that several of these items were materially false, and that the bankrupt knew of their falsity when he made the statement. This satisfies the most exacting construction of section 14, cl. b (3), of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1026]), and requires the court to refuse the discharge. It is sufficient if one of the statements is shown to be materially false, and of this fact there is no reasonable doubt. Indeed, the referee has found that four of the items were false, and I must not be understood as disagreeing with his conclusions in this respect, although I see no need to pass upon the correctness of his report, except as to two of the items, namely, the value of the stock and the amount of the annual sales. Both these items were materially false, and their falsity fully justified the referee in sustaining the objections.

His recommendation is therefore approved, and the clerk is directed to enter an order that the discharge is refused.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes