INTERNATIONAL SHOE COMPANY *v.* PINKUS ET AL.

No. 12. Argued April 11, 1928. Reargued October 22, 1928.—Decided January 2, 1929.

262

*Mr. J. D. Williamson,* with whom *Messrs. O. C. Burnside* and *W. G. Streett* were on the brief, for plaintiff in error.

*Mr. Lamar Williamson* ,submitted for defendants in error.

Mr. Justice Butler delivered the opinion of the Court.

In an action in the common pleas court of Chicot County, Arkansas, August 24, 1925, plaintiff in error obtained judgment against Pinkus for $463.43. The debtor was an insolvent merchant doing business in that county. He had 46 creditors; his debts amounted to more than $10,000, and his assets were less than $3,000. On the day judgment was entered, the insolvent, invoking c. 93 of Crawford and Moses' Digest, commenced a suit in the chancery court of that county praying to be adjudged insolvent and for the appointment of a receiver to take and distribute his property as directed by that statute.

On the same day, the court adjudged him insolvent and appointed a receiver, with directions to take the property and liquidate it and direct creditors to make proof of their claims " with the necessary stipulation that they will participate in the proceeds in full satisfaction of their demands." And, in pursuance of the statute, the court ordered the receiver, after the expiration of 90 days, first to pay costs, next salaries earned within 90 days, then " the claims of those who have duly filed their claims with the above stipulation, if enough funds are in your hands to pay the same, and lastly . . . to pay any and all other claims of creditors, or so much as the funds . . . will pay, all creditors of the same class receiving an equal percentage of the funds." The receiver sold the property for $2659, and gave Pinkus $500 as his exemption. The court allowed $250 as compensation for the receiver.

November 18, 1925, plaintiff in error caused execution to issue for collection of the judgment. The sheriff, being unable to find property on which to levy, returned the writ unsatisfied. Thereupon, plaintiff in error brought this suit. The complaint alleged the facts aforesaid, asserted that c. 93 had been superseded and suspended by the passage of the Bankruptcy Act, and prayed that the judgment be paid out of the funds in the hands of the receiver. The chancery court overruled the contention, held that the complaint failed to state a cause of action, and dismissed the case. Its judgment was affirmed by the highest court of the State. 173 Ark. 316. The case is here under § 237 (a), Judicial Code.

The question is whether, in the absence of proceedings under the Bankruptcy Act, what was done in the chancery court protects the property in the hands of the receiver from seizure to pay the judgment held by plaintiff in error.

A State is without power to make or enforce any law governing bankruptcies that impairs the obligation of

contracts or extends to persons or property outside its jurisdiction or conflicts with the national bankruptcy laws. *Sturges* v. *Crowninshield*, 4 Wheat. 122. *Ogden* v. *Saunders*, 12 Wheat. 213, 369. *Baldwin* v. *Hale*, 1 Wall. 223, 228, *et seq. Gilman* v. *Lockwood*, 4 Wall. 409. *Denny* v. *Bennett*, 128 U. S. 489, 497–498. *Brown* v. *Smart*, 145 U. S. 454, 457. *Stellwagen* v. *Clum*, 245 U. S. 605, 613.

The Arkansas statute is an insolvency law. It is so designated in its title (Acts of Arkansas, 1897) and in the revision. C. 93, *supra.* The supreme court of the State treats it as such. *Hickman* v. *Parlin-Orendorff Co.*, 88 Ark. 519. *Baxter County Bank* v. *Copeland*, 114 Ark. 316, 322. *Morgan* v. *State*, 154 Ark. 273, 279, 281. This case, 173 Ark. 316. *Friedman & Sons* v. *Hogins*, 175 Ark. 599. It provides for surrender by insolvent of all his unexempt property (§ 5885) to be liquidated by a trustee for the payment of debts under the direction of the court. It classifies creditors, prescribes the order of payment of their claims and gives preference to those fully discharging the debtor in consideration of pro rata distribution (§ 5888). *Mayer* v. *Hellman*, 91 U. S. 496, 502. *Stellwagen* v. *Clum, supra. Segnitz* v. *Garden City Co.*, 107 Wis. 171. *In re Weedman Stave Co.*, 199 Fed. 948, and cases cited.

The state enactment operates within the field occupied by the Bankruptcy Act. The insolvency of Pinkus was covered by its provisions. He could have filed a voluntary petition. His application to the state court for the appointment of a receiver was an act of bankruptcy, § 3(a), U. S. C., Tit. 11, § 21(a); and, at any time within four months thereafter, three or more creditors having claims amounting to $500 or over could have filed an involuntary petition. § 59(b), U. S. C., Tit. 11, § 95(b). We accept the statement made in the brief submitted on behalf of Pinkus that he had been discharged in voluntary proceedings within six years prior to the filing of the petition in the chancery court. Therefore he could

not have obtained discharge under the Bankruptcy Act, § 14, U. S. C., Tit. 11, § 32, and, in proceedings under that Act, all his creditors would have been entitled to participate in distribution without releasing the insolvent as to unpaid balances.

The power of Congress to establish uniform laws on the subject of bankruptcies throughout the United States is unrestricted and paramount. Constitution, Art. I, § 8, cl. 4. The purpose to exclude state action for the discharge of insolvent debtors may be manifested without specific declaration to that end; that which is clearly implied is of equal force as that which is expressed. *New York Central R. R. Co.* v. *Winfield*, 244 U. S. 147, 150, *et seq.* *Erie R. R. Co.* v. *Winfield*, 244 U. S. 170. *Savage* v. *Jones*, 225 U. S. 501, 533. The general rule is that an intention wholly to exclude state action will not be implied unless, when fairly interpreted, an Act of Congress is plainly in conflict with state regulation of the same subject. *Savage* v. *Jones, supra. Illinois Central R. R. Co.* v. *Public Utilities Comm'n*, 245 U. S. 493, 510. *Merchants Exchange* v. *Missouri*, 248 U. S. 365. In respect of bankruptcies the intention of Congress is plain. The national purpose to establish uniformity necessarily excludes state regulation. It is apparent, without comparison in detail of the provisions of the Bankruptcy Act with those of the Arkansas statute, that intolerable inconsistencies and confusion would result if that insolvency law be given effect while the national Act is in force. Congress did not intend to give insolvent debtors seeking discharge, or their creditors seeking to collect claims, choice between the relief provided by the Bankruptcy Act and that specified in state insolvency laws. States may not pass or enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or auxiliary regulations. *Prigg* v. *Pennsylvania*, 16 Pet. 539, 617, 618. *Northern Pacific Ry.* v. *Washington*, 222 U. S. 370, 378, *et seq.*

*St. Louis, Iron Mt. & S. Ry.* v. *Edwards,* 227 U. S. 265. *Erie R. R. Co.* v. *New York,* 233 U. S. 671, 681, *et seq. New York Central R. R. Co.* v. *Winfield, supra. Erie R. R. Co.* v. *Winfield, supra. Oregon-Washington Co.* v. *Washington,* 270 U. S. 87, 101. It is clear that the provisions of the Arkansas law governing the distribution of property of insolvents for the payment of their debts and providing for their discharge, or that otherwise relate to the subject of bankruptcies, are within the field entered by Congress when it passed the Bankruptcy Act, and therefore such provisions must be held to have been superseded. In *Boese* v. *King,* 108 U. S. 379, this Court, referring to the effect of the national Act upon a state insolvency law similar to the Arkansas statute under consideration, said (p. 385): " Undoubtedly the local statute was, from the date of the passage of the Bankrupt Act, inoperative in so far as it provided for the discharge of the debtor from future liability to creditors who came in under the assignment and claimed to participate in the distribution of the proceeds of the assigned property." And see *Foley-Bean Lumber Co.* v. *Sawyer,* 76 Minn. 118. *Parmenter Manufacturing Co.* v. *Hamilton,* 172 Mass. 178. *In re Bruss-Ritter Co.,* 90 Fed. 651

In the opinion of the state supreme court, it is said that the effect of the proceedings in the chancery court was the same as if the insolvent had made an assignment for the benefit of his creditors. But the property was not handed over simply for the purpose of the payment of debts as far as it would go; it was transferred pursuant to a statute and decree imposing conditions intended to secure the debtor's discharge. As its claim was less than $500, plaintiff in error could not invoke the jurisdiction of the bankruptcy court without cooperation of other creditors. It was shown by insolvent's petition that his property was less than one-third of his debts. The amount remaining

after deducting his exemption and the costs was not sufficient to pay 20 per cent. of the claims. All creditors except plaintiff in error agreed fully to release insolvent in consideration of the distribution directed by the decree. And, as their claims were much in excess of the fund, plaintiff in error could have obtained nothing on account of its claim without giving insolvent a full release.

The decision below is not supported by *Boese* v. *King,* *supra.* In that case there was an assignment under the New Jersey insolvency law. Some years later creditors obtained judgment against the assignor in New York. A receiver appointed in supplementary proceedings sued the assignees in New York to compel payment of the judgment out of funds they had on deposit there. The highest court of the State denied relief, and the case was brought here on writ of error. This Court held that the assignment was sufficient to pass title; and, as the Bankruptcy Act had superseded the New Jersey insolvency law, all the creditors were entitled unconditionally to share in pro rata distribution. The receiver was held not entitled to recover because the judgment creditors could have secured equal distribution by the institution of bankruptcy proceedings, but instead they waited until after the expiration of the time allowed for that purpose, and then by the New York suit sought to obtain preference and full payment. In the course of the opinion, it is said (p. 386): " It can hardly be that the court is obliged to lend its aid to those who, neglecting or refusing to avail themselves of the provisions of the act of Congress, seek to accomplish ends inconsistent with that equality among creditors which those provisions were designed to secure." The case now before us is essentially different. Plaintiff in error could not invoke jurisdiction of the bankruptcy court. The insolvent commenced proceedings under the Arkansas insolvency law on the day that judgment was

obtained against him. His purpose was to delay plaintiff in error and to secure full releases as provided by the statute. The state court did not treat the proceedings under the state law as a transfer of insolvent's property for unconditional distribution as was done in *Boese* v. *King*. On the contrary, the decree was the same as if the Bankruptcy Act had not been passed, and the court held that, without giving any effect to the statute, the insolvent by what was done in the chancery court could compel the same distribution and obtain for himself the same advantages as were contemplated by the insolvency law. We are of opinion that the proceedings in the chancery court cannot be given that effect. The enforcement of state insolvency systems, whether held to be in pursuance of statutory provisions or otherwise, would necessarily conflict with the national purpose to have uniform laws on the subject of bankruptcies throughout the United States.

As all the proceedings were had under the Arkansas insolvency law, we need not decide whether, independently of statute, an assignment for the benefit of creditors on the conditions specified in the decree would protect the property of the insolvent from seizure to pay the judgment. And, as the passage of the Bankruptcy Act superseded the state law, at least insofar as it relates to the distribution of property and releases to be given, plaintiff in error is entitled to have its judgment paid out of the fund in the hands of the receiver.

*Decree reversed.*

MR. JUSTICE MCREYNOLDS, MR. JUSTICE BRANDEIS and MR. JUSTICE SANFORD are of opinion that the decree should be affirmed.