BROWN-HINTON WHOLESALE GROCERY COMPANY *v.* WARE & SON.

Opinion delivered April 14, 1930.

*Joseph R. Brown,* for appellant.

*George W. Johnson,* for appellee.

KIRBY, J. This suit was brought by appellant corporation against Ware & Son, a partnership, to recover a balance alleged to be due upon an account for goods and merchandise sold to appellee partnership, and is the second appeal herein, a full statement of which appears in

*Brown-Hinton Wholesale Grocery Co.* v. *Ware & Son,*
177 Ark. 1141, 9 S. W. (2d) 553.

The former judgment was reversed because of the giving of an erroneous instruction directing the jury, if it found that plaintiff participated in the assignment made for the benefit of the creditors by filing proof of its claim with the trustee and dealing with him, that it should find for the defendant. The court said therein: "Appellant would not be bound by merely filing its claim with the trustee, unless in so doing it thereby assented to accept its *pro rata* share of the proceeds of the trusteeship in full settlement of its claim, and the proof of the custom was competent as tending to show whether, in conforming thereto, appellant had agreed to cancel such portion of its debt as the receiver did not pay."

Appellant complains that instructions Nos. 2 and 3 given on this trial are erroneous in that they told the jury, if they found the custom existed and if plaintiff filed its claim with the trustee with the knowledge that by such usage and custom of trade its claim would be extinguished by the amount it would receive from said trustee, it could not recover and they will find for the defendants. Both of the instructions are erroneous in that they told the jury that, if there was a custom in the trade territory to wind up the estates of insolvent debtors by a trustee and an advisory committee of creditors, the creditors relinquished all claim to any further payment than realized from the dividends distributed by the trustee, and that the filing of a claim by any creditor with the trustee bound him by the custom to relinquish all further rights to the payment of any excess of his debt or claim over the amount of the dividends distributed in closing the insolvent's estate. It is the consent or agreement of the creditor to relinquish the balance of his claim and accept in settlement of it the amount of the dividend distributed by the trustee in winding up the insolvent debtor's estate in accordance with the trade custom which binds him to do so and not the custom itself, proof of which was competent as tending to show whether in con-

formity with it appellant had agreed to cancel or relinquish such portion of its debt as was not paid by the dividend.

In *International Shoe Co.* v. *Pinkus,* 278 U. S. 261, 49 S. Ct. 108, the court reversing the decision of this court, held the plain purpose of the Bankruptcy Act to establish uniformity necessarily excludes State regulation of the subject-matter, whether interfering with the act or complementary, additional or auxiliary thereto. It said: "The enforcement of State insolvency systems, whether held to be in pursuance of statutory provisions or otherwise, would necessarily conflict with the national purpose to have uniform laws on the subject of bankruptcy throughout the United States." In that case the insolvent debtor was upon petition adjudged insolvent, and a receiver appointed with directions to take charge of his property, and liquidate it, directing the creditors to make proof of their claims "with the necessary stipulation that they will participate in the proceeds in full satisfaction of their demands." In pursuance of the statute, the court ordered a receiver after a fixed time to pay costs and salaries, and then the claims with stipulations, etc. One of the creditors, who had not agreed to be bound or stipulated for relinquishment of the balance of his claim after a *pro rata* division, brought suit and had a garnishment issued against the trustee who was compelled to pay the whole amount of his claim out of the proceeds on hand. Appellant denied that there was any such custom as attempted to be proved; denied having given its consent to any agreement to wind up the insolvency's estate by a trustee and an advisory committee, and, although it did file its account with the trustee showing the amount thereof, it refused to accept the dividend tendered it in payment of the whole amount of its claim, returning the check to the trustee. There could be no estoppel in its conduct since the trustee for liquidating the affairs of the insolvent partners had already been appointed and had taken charge of the assets before the filing of appel-

lant's claim, and it is conceded that no reply was made by appellant to the trustee's letter consenting to the arrangement for winding up the estate or anything else done indicating an agreement thereto.

*Brown Shoe Co.* v. *Stone,* 172 Ark. 1156, 292 S. W. 117, has no application here since the creditor there agreed to accept a *pro rata* dividend in full settlement of his claim against the insolvent's estate and accepted a check sent in full satisfaction of its account, reciting that such was the fact. Doubtless appellant could have agreed and bound itself to accept a less amount in full settlement of its entire claim against the insolvent debtor's estate, but appellees were bound to show that it had done so upon suit brought for payment of the account, which is undisputed, and proof of filing the claim with the trustee for the whole amount without any agreement at the time to accept a *pro rata* dividend in full settlement, and a refusal to do so upon tender of such dividend check is not sufficient to show a discharge of the debtors from further liability for the account sued upon.

The instructions objected to were erroneous, and the court erred in not directing a verdict for the appellant. For such error the judgment must be reversed, and the cause will be remanded with directions to enter judgment for appellant company for the amount due on its account. It is so ordered.

Justices HUMPHREYS and McHANEY dissent.