In re **FINE ARTS CORPORATION.**

No. 8900.

District Court, W. D. Michigan, S. D.

Sept. 25, 1942.

Ganson Taggart, City Atty., and Clifford C. Christenson and Robert A. Johnson, Asst. City Attys., all of Grand Rapids, Mich., for City of Grand Rapids.

Butterfield, Keeney & Amberg, of Grand Rapids, Mich., for trustee.

RAYMOND, District Judge.

This matter is before the court upon petition by the City of Grand Rapids for review of an order entered by the Referee in Bankruptcy on July 6, 1942, which decided that the bankruptcy court has jurisdiction to determine issues raised by a petition of the trustee filed November 14, 1941. The petition, in substance, asserted alleged rights of the trustee to match certain bids at a so-called scavenger tax sale held by the City of Grand Rapids, for property assessed to debtor. The City of Grand Rapids objected to the Referee's jurisdiction, and made a motion to dismiss. The issues were submitted to the Referee solely upon the jurisdictional questions involved. The order of the Referee denied the motion to dismiss, and directed the City of Grand Rapids to file an answer to said petition on or before twenty days from the date of the order. The sole question before the court is whether the Referee should have granted the motion to dismiss.

It is unnecessary here to restate the facts. They are fully and accurately stated in the opinion of the Referee.

The City of Grand Rapids, in support of its motion to dismiss, urges that a trustee in a reorganization proceeding has no right to match the bid of the City of Grand Rapids; that this question involves the construction of the charter and the ordinances of the City of Grand Rapids and the statutes of the State of Michigan, and that, therefore, under the doctrine of the case of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, this court has no jurisdiction, and that it is the duty of the court to instruct the trustee forthwith to proceed in the state courts for a determination of his rights, and that the petition pending in this court should therefore be dismissed.

██ It is the view of the court that the mere fact that the petition of the trustee discloses upon its face that the determination of the issues involved will require construction of local ordinances and statutes does not necessitate an order of dismissal. The bankruptcy jurisdiction of the federal courts does not depend upon diversity of citizenship, but upon residence in the federal court district. The doctrine of the Erie Railroad case arose from alleged abuse of the diversity of citizenship jurisdiction of the federal courts. In any event, there is now no authoritative decision by the state courts of Michigan as to the rights of a trustee in reorganization proceedings under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., to match bids at scavenger sales for taxes. The jurisdiction of the federal courts to determine such an issue cannot now be denied. The United States Supreme Court, in the case of Prudence Realization Corporation v. Geist, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293, clearly indicated that bankruptcy courts are not governed by local rules governing the liquidation of insolvent assets, and that the case of Erie Railroad v. Tompkins, supra, affords no support for a different doctrine. Congress has been given the paramount and exclusive power to deal with bankruptcies, U.S. Const., Art. 1, § 8; International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318. It seems clear that the doctrine of the Erie Railroad case should not be extended so far as to divest the bankruptcy court of its jurisdiction of property in the actual possession of the debtor at the time of filing the petition for reorganization under Chapter X, merely because a question of local law is involved.

██ The general rule with reference to jurisdiction of the bankruptcy court in such matters is stated in 6 Am.Jur., Bankruptcy, § 353, as follows:

" * * * If the possession, actual or constructive, of the property is in the bankrupt, or in his agent, or in someone not claiming a beneficial interest in it, or is in the receiver, marshal, or trustee in bankruptcy, the bankruptcy court has summary jurisdiction over it by orders made in the bankruptcy proceedings themselves, and may summarily order its surrender or delivery, may bring all parties claiming interests in it into court, and may determine all rights to it. If, on the other hand, some third party claiming some beneficial inter-

est in the property has possession, or if the property does not exist in tangible form, but is a mere debt owed by the third party, then the adverse claimant cannot be brought into the bankruptcy proceedings without his consent, and resort must be had by the trustee to a plenary suit."

Section 355 gives the further comment: "The actual or constructive possession of the bankrupt's property, after the filing of the bankruptcy petition, by the bankruptcy receiver, trustee, marshal, or referee, or by the bankrupt or his agents, or by someone not claiming beneficial interest, constitutes 'custodia legis' for the purpose of 'assumption of jurisdiction' by the bankruptcy court. It is broadly stated that the filing of the bankruptcy petition is itself an assumption of jurisdiction. No matter in what capacity the bankrupt may be holding, if he has actual possession, custody, or control, it is the bankruptcy court to which resort must be had."

See, also, Gilbert's Collier on Bankruptcy, 4th Ed., §§ 699, 700, 701, 702. The rules stated in these authorities are supported by voluminous citation of cases, and, in the view of the court, are controlling upon the pending motion to dismiss.

The conclusion of the court is that the bankruptcy court has jurisdiction to hear and determine, upon its merits, the issue presented by the trustee's petition. An order will therefore be entered affirming the order of the Referee entered July 6, 1942.