## In re MILLS.

### No. 17469.

District Court, E. D. Virginia, Richmond Division.

Feb. 26, 1948.

Percy Scott Smith, of Richmond, Va., for bankrupt.

Walter E. Hoffman, of Norfolk, Va., for objecting creditor.

HUTCHESON, District Judge.

On January 16, 1947, William Waverly Mills filed a petition in bankruptcy in this Court and was duly adjudicated a bankrupt under the terms of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. In the petition one of the liabilities listed by the bankrupt was an obligation due the Personal Finance Company of Richmond, Incorporated, (a so-called "small loan company" organized under the laws of Virginia), evidenced by note in the amount of $300.00. On April 26, 1947, an order was entered by the Referee in Bankruptcy, fixing time for filing objections to discharge and on May 8, 1947, the finance company filed specifications of grounds of opposition to the discharge of the bankrupt. In substance, these specifications alleged that at the time the obligation was incurred the bankrupt furnished the objecting creditor with a written financial statement, which was materially false and that in extending credit to the bankrupt the objecting creditor relied on that statement. Therefore, it is contended, the discharge should be denied.

After hearing the objections the Referee in Bankruptcy on October 20, 1947, entered an order reciting that he was of opinion that the objections were supported by evidence and should be sustained and further sustaining the objections and denying the discharge. Subsequent to the entry of the order the bankrupt filed a petition with this Court requesting a review and reversal of the order of the Referee. The Referee filed his certificate on petition for review and the matter is now before this Court for determination.

In substance, the contention of the bankrupt is that the financial statement is not admissible in evidence in opposition to the grant of the bankrupt's discharge. In support of this he relies on Section 4168a46, of the 1944 Supplement of the Virginia Code of 1942. This section, in so far as it is applicable to the question now before the Court, provides: "No written financial statement given by any applicant for a loan, or by any borrower, to a licensee (small loan company) under this law, shall be received in evidence, or otherwise used, against such applicant, or borrower, in any proceeding to recover the indebtedness incurred in connection with which the statement was given *and shall not be used in opposition to the granting of a discharge in bankruptcy*". (Italics supplied.)

The objecting creditor contends that in view of the Bankruptcy Act, Title 11, U.S.C.A. §§ 32 and 35, the Virginia statute is invalid and therefore the financial statement given by the bankrupt to the objecting creditor at the time the obligation was incurred is admissible in opposition to the bankrupt's application for a discharge.

In so far as it is material here, Title 11 U.S.C.A. § 32, as amended, dealing with the granting of discharges, provides: (c) "The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit * * * by making or publishing * * * in any manner whatsoever, a materially false statement in writing respecting his financial condition".

Section 8, Article I, Clause 4 of the United States Constitution, provides: "Power of Congress: The Congress shall have Power * * * to establish * * * uniform Laws on the subject of Bankruptcies throughout the United States."

In presenting the matter to this Court no question has been raised by the bankrupt as to the materiality of the statement and there is no denial of its falsity. Therefore, the question before the Court is whether Section 4168a46 of the Virginia

Code contravenes the Bankruptcy Act and is therefore invalid.

It is to be noted that under the provisions of the Virginia statute the prohibition against the use of a financial statement in opposition to the granting of a discharge is not limited to the licensee (small loan company) mentioned in the statute. The statute provides that a financial statement given to a small loan company shall not be used in opposition to a bankrupt's discharge. This would seem to indicate that a financial statement, even if known to be materially false, could not be used in opposition to the discharge in bankruptcy by either the small loan company, the bankrupt's trustee, or other creditors of the bankrupt.

■ The cases have uniformly held that where it appears that the bankrupt has obtained credit by means of a materially false financial statement his discharge should be denied.

In the case of In re Darevski, D.C., 171 F. 288, the Court held that where it appeared that the bankrupt had obtained credit by virtue of a materially false financial statement made in writing, it is the duty of the Court to refuse to discharge him under the Bankruptcy Act.

The only way in which the Court can determine whether a false financial statement has been made is to inquire into and examine such statement. It follows that the effect of a state law prohibiting the use of the statement in opposition to a discharge is to take from the Bankruptcy Court the only means available of determining whether a materially false statement has been made. This, in effect, deprives the Bankruptcy Court of the right and duty conferred on it by Congress of denying a discharge to a bankrupt who has made a materially false financial statement.

■ In the case of International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 110, 73 L.Ed. 318, the Court said: "In respect of bankruptcies the intention of Congress is plain. The national purpose to establish uniformity necessarily excludes state regulation. * * * States may not pass or enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or auxiliary regulations".

In the case of Hammond et al. v. Lyon Realty Co. et al., 4 Cir., 59 F.2d 592, 595, the Court citing International Shoe Co. v. Pinkus, supra, said: " 'States may not pass or enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or auxiliary regulations.' It follows that not only those state laws which purport to cover the whole field of insolvency administration are superseded by the national bankruptcy law, but all other state laws to the extent that they hamper or restrict its proper operation."

See also In re Lasky, D.C., 38 F.Supp. 24, and In re Schwartz Bros., D.C., 58 F.Supp. 761.

I have examined the recent case of Reitz v. Mealey, 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21, dealing with the validity of a state statute which might be in conflict with the Bankruptcy Act, but in my opinion that case is distinguishable from the case at bar. The real question there was whether the terms of the Bankruptcy Act could be invoked to prevent the exercise of a police power by a state.

■ Under the facts in this case, and the cases cited above and others, I am of opinion that the portion of Section 4168a46 of the 1944 Supplement to the Virginia Code, which provides that no financial statement given by a borrower to a small loan company shall be used in opposition to the granting of a discharge in bankruptcy is inconsistent with, and in derogation of, the Bankruptcy Act, Title 11 U.S.C.A. § 32, and is such a law as the state may not pass and enforce. Such legislation interferes with the orderly and uniform administration of the Bankruptcy Act by taking from the Bankruptcy Court the only evidence available for consideration in determining whether the bankrupt has committed such an act as would justify the Court in denying his application for a discharge.

For the foregoing reasons I am of opinion that the order of the Referee entered herein on November 12, 1947, sustaining the objections of the objecting creditor and denying a discharge in bankruptcy to William Waverly Mills, bankrupt, is correct and should be affirmed and the application for a discharge denied.