APPEAL OF COBURN LEASING COMPANY

JERRY DAVIDSON, INC. v MICHIGAN NATIONAL BANK

1. Compositions with Creditors—Corporations—Receivership—Compromise Arrangement—Discharge of Obligation—Bankruptcy—Statutes.

Language in an order approving a compromise arrangement between a corporation in receivership and its creditors over the objections of one of the creditors is invalid where the practical effect of the language is to discharge the corporation's obligations to the objecting creditor; the trial court has no authority to make such an order because the Federal bankruptcy act has preempted the field (11 USCA 1 *et seq.;* CL 1948, 450.4[3]).

2. Compositions with Creditors—Corporations—Receivership—Compromise Arrangement—Courts—Statutes.

A creditor or a stockholder of a corporation in receivership may petition for a sanction by a court of a compromise arrangement between the corporation and its creditors, and it is unnecessary to consider the authority of the corporation to make such a petition when its corporate charter has been forfeited by operation of law where the petition is signed by one who is a creditor and stockholder of the corporation as well as its president (CL 1948, 450.4[3]).

3. Compositions with Creditors—Corporations—Receivership—Compromise Arrangement—Objection.

A creditor which did not consent to a compromise arrangement between a corporation in receivership and itself and other creditors may not contest an order approving the arrangement, where the receiver failed to file an inventory, have an appraisal and audit and to list the claims of creditors, on the ground that the consents of creditors were ineffective because based on inadequate information.

Appeal from Genesee, Harry B. McAra, J. Sub-

References for Points in Headnotes

[1–3] 19 Am Jur 2d, Corporations § 516.

66 Am Jur 2d, Receivers § 211.

mitted Division 2 June 11, 1974, at Lansing. (Docket No. 18258.) Decided June 27, 1974.

Complaint by Jerry Davidson, Inc., and Jerome A. Davidson against the Michigan National Bank to avoid a proxy and assignment of accounts receivable and for injunctive relief. Receiver appointed and compromise arrangement between Jerry Davidson, Inc., and its creditors approved. Monies received by Coburn Leasing Company, Inc., in a garnishment ordered deposited by escrow agent in a bank account with other monies. Coburn Leasing Company, Inc., appeals from approval of the compromise and the order concerning the escrow monies. Affirmed as modified.

*R. G. Corace, P. C.,* for Coburn Leasing Company, Inc.

Before: QUINN, P. J., and V. J. BRENNAN and CARLAND,* JJ.

QUINN, P. J. In the course of litigation between Jerry Davidson, Inc. (hereinafter plaintiff) and Michigan National Bank (hereinafter defendant), a receiver was appointed for plaintiff on September 11, 1970. October 12, 1972, plaintiff filed a petition for sanction by the court of a compromise arrangement with its creditors. October 31, 1972, the trial court entered an order approving the compromise arrangement over the objections of Coburn Leasing Company, Inc. (hereinafter Coburn). November 20, 1972, Coburn moved for a rehearing on this order. No hearing having been held on this motion, on May 23, 1973, it was noticed for hearing

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

on June 4, 1973. The motion was denied by order of June 10, 1973. Coburn appeals.

In a separate action by Coburn against plaintiff, Coburn garnisheed General Motors and reached $54,625.22 owed by General Motors to plaintiff, and General Motors paid this sum into court. By consent order this sum was transferred to Burton Abstract & Title Company in escrow, Burton being the escrow agent for other funds being accumulated for consummation of the compromise arrangement. Without Coburn's consent and by order of March 23, 1973, the trial court authorized and instructed Burton to deposit the funds held in escrow in two interest-bearing accounts. The effect of this order was to commingle the money received from General Motors as the result of the garnishment with other monies. Coburn's motion to set aside the order of March 23, 1973 was denied by an order of June 10, 1973 and Coburn appeals.

Of the many questions involved in the litigation between these parties, the only questions before this Court on this appeal are the validity of the order of the trial court approving the compromise arrangement with creditors and the order directing the escrow agent to deposit the funds held in escrow in two interest-bearing accounts. Neither plaintiff nor defendant have filed briefs.

Plaintiff's articles of incorporation contain the provisions set forth in 1948 CL 450.4(3); MSA 21.4(3),[1] presently MCLA 450.1204–450.1205; MSA

---

[1] 3. The articles may also contain the following provision: Whenever a compromise or arrangement or any plan of reorganization of this corporation is proposed between this corporation and its creditors or any class of them and/or between this corporation and its shareholders or any class of them, any court of equity jurisdiction within the state of Michigan, may on the application of this corporation or of any creditor or any shareholder thereof, or on the application of any receiver or receivers appointed for this corporation, order a meeting of the creditors or class of creditors, and/or of the shareholders or class of shareholders, as the case may be, to be affected by the

21.200(204)–21.200(205). The petition for sanction by the court of a compromise arrangement with creditors and the order approving the compromise arrangement are authorized by this statute. However, the order approving the compromise arrangement in this case contained the following:

"9. That all creditors affected by the plan of arrangement and said compromise proposal as is set forth in the petition filed in this cause, together with their agents, attorneys and representatives shall be and they hereby are restrained and enjoined permanently from continuing or commencing any legal or other proceedings, or from taking any other steps or actions to enforce or obtain payment of their claims against Jerry Davidson, Inc. with respect to the indebtedness due them, under the penalty of this court."

---

proposed compromise or arrangement or reorganization, to be summoned in such manner as said court directs. If a majority in number representing 3/4 in value of the creditors or class of creditors, and/or of the shareholders or class of shareholders, as the case may be, to be affected by the proposed compromise or arrangement or reorganization, agree to any compromise or arrangement or to any reorganization of this corporation as a consequence of such compromise or arrangement, said compromise or arrangement and said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the shareholders or class of shareholders, as the case may be, and also on this corporation.

Whenever the foregoing provision is included in the original articles of any corporation, all persons who become creditors and/or shareholders thereof, shall be deemed to have become creditors and/or shareholders subject in all respects to said provision, and the same shall be absolutely binding upon them; and whenever the said provision is inserted in the articles of any corporation, by an amendment of such articles, all persons who become creditors and/or shareholders of such corporation after such amendment becomes legally effective, shall be deemed to have become such creditors and/or shareholders, subject in all respects to the said provisions, and the same shall be absolutely binding upon them. Any court of equity jurisdiction within this state, shall have power to administer and enforce the said provision and to restrain, pendente lite, all actions and proceedings against any such corporation with respect to which the court so restraining shall have begun the administration and/or enforcement of said provision and to appoint a temporary receiver or receivers for such corporation and to grant to such receiver or receivers such powers as shall be deemed proper.

The practical effect of this language is to discharge plaintiff's obligations to Coburn. This the trial court was not authorized to do. The Federal bankruptcy act[2] has preempted the field, *International Shoe Company v Pinkus,* 278 US 261, 265; 49 S Ct 108, 110; 73 L Ed 318, 321 (1929). If the statute involved authorizes a trial court to make such an order, the order is not enforceable, *International Shoe, supra.* That language is stricken from the order approving the compromise arrangement.

Coburn questions the authority of plaintiff corporation to petition for sanction by the court of a compromise arrangement with creditors on the basis that the corporate charter had been forfeited by operation of law. It is not necessary to write to this point. Under 1948 CL 450.4(3), a creditor or a stockholder may petition for the sanction. The petition in this case was signed by Jerome A. Davidson as president of the corporation and as an individual. He is a creditor and stockholder of the corporation.

Coburn also contests the order appealed from because the receiver failed to file an inventory, have an appraisal and audit, and to list the claims of creditors. The argument here is that the consents of creditors were ineffective because they were based on inadequate information. A consenting creditor could advance this argument legitimately. Coburn cannot; it never consented.

The remaining issues raised as to the validity of the order approving the compromise arrangement do not merit discussion.

With respect to the order of March 23, 1973 directing the escrow agent to deposit the funds in two interest bearing accounts, we find that Co-

---

[2] 11 USCA 1 *et seq.*

burn's rights to the funds paid into court by General Motors are amply protected by the order dated February 8, 1973.

Paragraph No. 9 of the order of the trial court dated October 31, 1972 and approving the compromise arrangement with creditors is stricken from that order. Otherwise, the trial court is affirmed. Coburn may have costs.

All concurred.