## In re DELTA GROUP, Debtor.

### Michael Dubis, Trustee, Plaintiff,

v.

**B.W. Supply, Ben Shinn Trucking, Inc., General Iron Industries, Inc., Huron Valley Steel Corp., I.C.D. Group Metals, LLC, Kormet Enterprises, Inc., Kripke Enterprises, Inc., Metal Exchange Corp., Molten Metal Equipment, Nextel West Corp., Rockford Trading Company, Inc., Shinn Brokerage, WPS Energy Services, Inc., Defendants.**

Bankruptcy No. 01-23052–svk.

Adversary Nos. 03–2079, 03–2075, 02–2403, 02–2405, 02–2397, 03–2141, 02–2399, 02–2402, 03–2066, 03–2065, 02–2401, 03–2063, 03–2114.

United States Bankruptcy Court, E.D. Wisconsin.

Oct. 9, 2003.

Bryan M. Becker, Esq., Milwaukee, WI, Robert E. Hankel, Racine, WI, for Plaintiff.

Dennis L. Simon, Appleton, WI, Jeffrey A. Cooper, Floyd A. Harris, Samuel C. Wisotzkey, Leonard G. Leverson, Milwaukee, WI, David M. Unseth, St. Louis, MO, Robert D. Nachman, Miriam R. Stein, Chicago, IL, for Defendants.

## MEMORANDUM OPINION GRANTING MOTIONS TO DISMISS

SUSAN V. KELLEY, Bankruptcy Judge.

The Chapter 7 Trustee instituted these adversary proceedings to recover avoidable transfers made by the debtor to various creditors. What is novel about this case is the Trustee's attempt to avoid the transfers under a state statute that allows preferences to be avoided up to four months before state court receivership proceedings. A number of the defendant-creditors have filed motions to dismiss under Bankruptcy Rule 7012(b)(6)—incorporating Fed.R.Civ.P. 12(b)(6)—arguing that, as to any transfers more than 90 days prior to the bankruptcy petition, the Trustee has failed to state a claim upon which relief can be granted.

For the reasons discussed below, the Court grants the Defendants' motions to dismiss and holds that § 544(b) of the Code does not allow the Trustee to avail himself of the avoidance powers granted to receivers and assignees under Wis. Stat. § 128.07.

## FACTS

Based on the Complaints and Answers, the Court finds that the following facts are undisputed: On February 2, 2001, a state court receivership was filed against the Debtor under Chapter 128 of the Wisconsin Statutes. Between October 1, 2000 and February 2, 2001, the Debtor made various payments to the defendants in these adversary proceedings. On March 23, 2001, an involuntary Chapter 7 petition was filed against the Debtor under Title 11 of the United States Code (Bankruptcy Code). Plaintiff is the duly appointed and acting Chapter 7 Trustee in the Debtor's bankruptcy case.

The Trustee filed complaints against the Defendants, seeking to avoid and recover transfers made by the Debtor within four months prior to the Chapter 128 proceeding pursuant to the provisions of Wis. Stat. § 128.07 (the "Chapter 128 transfers"). Some of the adversary proceedings also sought avoidance and recovery of transfers made by the Debtor within three months of the involuntary petition under § 547 of the Bankruptcy Code. The Defendants

have moved to dismiss the claims for relief related to the Chapter 128 transfers.[1]

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief can be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). Dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). When ruling on a 12(b)(6) motion, the court accepts as true all well pleaded facts alleged in the complaint, and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir.2002).

■ The Bankruptcy Code arms the trustee with numerous powers to avoid transfers made by the debtor prior to and during the bankruptcy case.[2] Among these powers is § 544, which provides the trustee with the ability to avoid transfers of the debtor's property that could have been avoided by a creditor under applicable state law. This so-called "strong arm power" gives the creditors access to what they would have had outside of bankruptcy. *See In re Tri–State Mechanical Servs., Inc.*, 141 B.R. 488, 494 (Bankr. W.D.Pa.1992).

In this case, the Trustee contends that the applicable state law is Wis. Stat. § 128.07(2), which states in pertinent part:

> If the debtor has given a preference within four months before the filing of a petition ... and the recipient has rea-

sonable cause to believe that the enforcement of the judgment or transfer would effect a preference, the judgment shall be voidable by the receiver or assignee, and the receiver or assignee may recover the property or its value from the recipient.

At issue is whether the trustee in bankruptcy may avail himself of this state law avoidance power. Two arguments exist for this proposition: either the trustee may utilize the state law power directly, without reference to the Bankruptcy Code, or the trustee may avail himself of the state law avoidance powers through § 544(b) of the Bankruptcy Code.

■ The first argument (direct application of state law regardless of the federal Bankruptcy Code) fails on constitutional grounds. Congress' power to establish uniform laws on the subject of bankruptcy throughout the United States is unrestricted and paramount. *Int'l. Shoe Co. v. Pinkus*, 278 U.S. 261, 265, 49 S.Ct. 108, 73 L.Ed. 318 (1929). States may not pass or enforce laws that interfere with or complement federal bankruptcy law, or provide additional or auxiliary regulations. *Id.; In re Wis. Builders Supply Co.*, 239 F.2d 649, 656 (7th Cir.1956) (voluntary provisions of Chapter 128 of the Wisconsin Statutes were preempted by federal Bankruptcy Act). Therefore, any argument that a trustee in bankruptcy may avail himself of state law avoidance powers independently of what is proscribed by the federal Bankruptcy Code, must fail.

Consequently, the dispositive issue is whether the state law avoidance power of Wis. Stat. § 128.07 may be reached by the bankruptcy trustee through § 544(b)(1) of

---

1. The claims under Bankruptcy Code § 547 are not affected by this decision.

2. The trustee's general avoidance powers are found in Bankruptcy Code §§ 544 through 549. A Chapter 7 trustee has additional avoidance powers under § 724(a).

the Bankruptcy Code, which states in pertinent part:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of this title . . .

The Seventh Circuit Court of Appeals has summarized this section as follows: "In other words, if any unsecured creditor could reach an asset of the debtor outside of bankruptcy, the Trustee can use § 544(b) to obtain the asset for the estate." *In re Leonard,* 125 F.3d 543, 544 (7th Cir.1997). Stated simply, for the Trustee to succeed in this case, an unsecured creditor must be able to avoid transfers under Wis. Stat. § 128.07(2).

In analyzing the statute, the Court should bear in mind that the purpose of statutory construction is to determine the legislature's intent, and the first resort is the language of the statute itself. *Kelley Co. v. Marquardt,* 172 Wis.2d 234, 247, 493 N.W.2d 68 (1992). If the language of the statute clearly and unambiguously sets forth the legislative intent, the court will apply that intent and not look beyond the statutory language to ascertain its meaning. *Id.* However, if the language of the statute does not clearly and unambiguously set forth the legislative intent, the court will resort to judicial construction of the statute to ascertain and carry out the legislative intent. *Id.* "Where one of several interpretations of a statute is possible, the court must ascertain the legislative intent from the language of the statute in relation to its context, subject matter, scope, history, and object intended to be accomplished." *Id.* at 248, 493 N.W.2d 68.

In this case, the Defendants claim that Wis. Stat. § 128.07(2) specifically mentions only a "receiver or assignee" as parties able to recover property under the section. They argue that since Chapter 128 does not provide powers for an individual creditor to avoid and recover transfers, the Trustee cannot utilize § 128.07(2) under the provisions of Bankruptcy Code § 544.

The Trustee counters that § 128.07(2) does not expressly *exclude* unsecured creditors from avoiding transfers, and points out that the language specific to avoidance by receivers and assignees only applies to judgments:

> If the debtor has given a preference within four months before the filing of a petition . . . and the recipient has reasonable cause to believe that the enforcement of the **judgment or transfer** would effect a preference, **the judgment shall be voidable by the receiver or assignee**, and the receiver or assignee may recover the property or its value from the recipient.

Wis. Stats. § 128.07(2) (emphasis supplied). According to the Trustee, as the statute fails to include "transfers"—a term defined in § 128.07(c)(1)—in addition to "judgments" prior to the phrase "voidable by the receiver or assignee," preferential transfers are avoidable by the debtor's general unsecured creditors.

However, the Wisconsin legislature certainly would have been clearer about providing this important right to a single creditor. The Court can imagine the mischief that could be caused by a single creditor suing its fellow creditors to avoid alleged preferential transfers. Moreover, assuming that the Trustee's interpretation of the statute is correct, it is curious that an individual creditor would have been given the power to exercise an avoiding power in a chapter concerning receiverships

and assignments for the benefit of all creditors. The legislature certainly knew how to empower a single creditor with avoiding powers; in Chapter 242, the Uniform Fraudulent Transfer Act, single creditors are given the right to avoid preferential transfers to insiders. Specifically, § 242.05(2) of the Wisconsin Statutes provides:

> A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time and the insider had reasonable cause to believe that the debtor was insolvent.

Subject to certain defenses (modeled after the defenses in Section 547(c) of the Bankruptcy Code), Wis. Stat. § 242.07 allows "a creditor" to avoid a transfer described in § 242.05. For these reasons, while the language of Wis. Stat. § 128.07(2) could have been clearer in providing that receivers or assignees can avoid transfers as well as judgments, viewing the statute in context compels the interpretation advanced by the Defendants.

Further, in *Valley Lumber Co. v. Hogan,* the Wisconsin Supreme Court held that the power to avoid fraudulent transfers and preferences under Chapter 170 of the Laws of 1882 was the exclusive right of the assignee for the benefit of creditors. 85 Wis. 366, 372, 55 N.W. 415, 418 (1893). Chapter 170 of the Laws of 1882 was a precursor to Wis. Stats. Chapter 128. *See* Laws of Wisconsin Ch. 431 (1937) (legislative act recreating Ch. 128 relating to creditors' rights). The court stated:

> Evidently the right of action of the assignee must take the place of and exclude that of the several creditors in these respects. They cannot be considered as consistent or concurrent rights, for the right of action of the creditor looks to the application of the fruits of his action exclusively to the payment of his own debt, and to obtaining an advantage and priority over all other creditors; and the results of the action of the assignee are required to be applied to the benefit of the creditors generally.

85 Wis. at 372, 55 N.W. at 417. Although dealing with a much earlier version of the Wisconsin receivership statute, the Wisconsin Supreme Court's rationale supports the conclusion that the legislature would have clearly and expressly provided that single creditors could avoid preferences if that had been the legislative intent.

As the Trustee tries to add "unsecured creditors" to the provisions of Wis. Stat. § 128.07, one bankruptcy court has added "custodians" to the language of § 544 of the Bankruptcy Code. *In re Kenval Marketing Corporation,* 69 B.R. 922, 925 (Bankr.E.D.Pa.1987). The *Kenval* court held the trustee could avail himself of a state statute similar Chapter 128, in spite of the express language of § 544(b), noting:

> I am reluctant to conclude that the omission of the phrase "custodian" in § 544(b) represents Congress' intent to deprive trustees of the avoidance powers of actual prepetition receivers or assignees acting on behalf of actual creditors. I believe that if Congress intended such a result, it would have expressed itself more clearly.

*Id.* at 930–31. With due respect, this Court disagrees. Congress clearly and unambiguously expressed that the strong arm powers of § 544 are those held by creditors not custodians. Generally, Congress "says in a statute what it means and means in a statute what it says." *Connecticut Nat'l. Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). When "the statute's language is plain . . . the sole function of the courts is

to enforce it according to its terms." *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

■■■ Section 544(b) states that bankruptcy trustees may avoid transfers that unsecured creditors can avoid under applicable state law. The statute does not provide that the trustee may avoid transfers that receivers or assignees could avoid under applicable law. This is not because Congress was unaware receivers or assignees existed. To the contrary, these two terms are incorporated in the Code's definition of "custodian".[3] The Bankruptcy Code provisions governing the rights and duties of custodians are found in Bankruptcy Code § 543, the section immediately preceding § 544. Since Congress could have included the word "custodian" in § 544(b) but did not do so, bankruptcy trustees cannot avail themselves of state law avoidance powers solely held by receivers or assignees.

Lastly, the Trustee advances the policy argument that equity favors allowing trustees to avoid Chapter 128 transfers in order to attain the goal of a more equitable distribution through the bankruptcy process. The Trustee warns of the possibility of bad faith gerrymandering by the debtor or preferred creditors, taking advantage of the specific language and different time limits of both the state and federal statutes. However, the Bankruptcy Code provides options for this situation, including abstention under § 305 of the Bankruptcy Code if the creditors would be best served with the continuation of the Chapter 128 proceeding or seeking authority for the custodian to remain in possession of the estate under Bankruptcy Code § 543.

## CONCLUSION

After reviewing the undisputed facts and analyzing the statutes upon which he bases his claim, this Court concludes that the Trustee has not stated a claim upon which relief can be granted. The most logical reading of Wis. Stat. § 128.07(2) allows only receivers and assignees—not individual creditors—to avoid and recover transfers, while Bankruptcy Code § 544(b) requires a state law avoidance power to be vested in an individual creditor—not a custodian—for the trustee to utilize that state law avoidance power. Accordingly, the Trustee cannot avail himself of the longer preference period of § 128.07, and all claims based on transfers made to noninsider creditors more than 90 days prior to the bankruptcy petition are dismissed.

---

**3.** According to Bankruptcy Code § 101(11): "Custodian means (A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title ... (B) assignee under a general assignment for the benefit of the debtor's creditors ..."