**In re DELTA GROUP, Debtor.**

**Michael Dubis, Trustee, Plaintiff,**

v.

**B.W. Supply, Ben Shinin Trucking, Inc., General Iron Industries, Inc., Huron Valley Steel Corp., I.C.D. Group Metals, LLC, Kripke Enterprises, Inc., Metal Exchange Corp., Molten Metal Equipment, Nextel West Corp., Rockford Trading Company, Inc., Shinn Brokerage, WPS Energy Services, Inc., Defendants.**

Bankruptcy No. 01–23052–SVK

Adversary Nos. 03–2079, 03–2075, 02–2403, 02–2405, 02–2397, 02–2399, 02–2402, 03–2066, 03–2065, 02–2401, 03–2063, 03–2114.

Nos. 03–C–1385, 03–C–1384, 03–C–1379, 03–C–1380, 03–C–1375, 03–C–1376, 03–C–1378, 03–C–1383, 03–C–1382, 03–C–1377, 03–C–1381, 03–C–1387.

United States District Court,
E.D. Wisconsin.

Feb. 26, 2004.

Andrew N. Herbach, Bryan M. Becker, Howard Solochek & Weber, Milwaukee, WI, for Plaintiff.

Samuel C. Wisotzkey, Kohner Mann & Kailas, George S. Peek, Jack N. Zaharopoulos, Jeffrey A. Cooper, Stupar Schuster & Cooper, Leonard G. Leverson, Sarah J. Friday, Kravit Gass Hovel & Leitner SC, Milwaukee, WI, Mark S. Schmitt, Maier McIlnay & Schmitt, Grafton, WI, J. Scott Schnurer, Ademi & O'Reilly, Cudahy, WI, C. Judley Wyant, Wyant Law Offices, Racine, WI, David M. Unseth, Bryan Cave, St. Louis, MO, Robert D. Nachman, Schwartz Cooper Greenberger & Krauss, Chicago, IL, Dennis L. Simon, Hinshaw & Culbertson, Appleton, WI, for Defendants.

## ORDER

RANDA, District Judge.

On October 21, 2003, United States Bankruptcy Judge Susan Kelley, on motion of the various defendants listed above (hereinafter "defendants"), ordered the dismissal of the complaints of the plaintiff, Michael Dubis, the trustee for the debtor, Delta Group. The trustee filed a Notice of Appeal to this court pursuant to 28 U.S.C. § 158(a) on October 24, 2003. The court has now read the parties' briefs and all submissions included in this record on appeal and rules as follows. The decision of the bankruptcy judge is affirmed.

### *ISSUE ON APPEAL*

The trustee framed the issue on appeal as follows: Did the Bankruptcy Court err in determining that the trustee cannot avail himself of the avoidance power set forth in Wis. Stat. § 128.07(2) through 11 U.S.C. § 544(b).[1] Judge Kelley viewed the attempt to use Wis. Stat. § 128.07 in this way as "novel," [2] but unavailing given the facts and the law as it must be applied to those facts. Judge Kelley was and is correct.

---

1. The defendants, while using different words, framed the issue similarly.

2. In an oral decision rendered by Judge Kelley, she characterized the trustee's arguments as "pushing the envelope" which is the context within which the trustee's position should be viewed.

## FACTS

The facts are straightforward and undisputed. On February 2, 2001, a state court receivership was filed against the debtor under Chapter 128 of the Wisconsin Statutes. Between October 1, 2000, and February 2, 2001, the debtor made various payments to the defendants in these adversary proceedings. On March 23, 2001, an involuntary Chapter 7 petition was filed against the debtor under Title 11 of the United States Code (Bankruptcy Code). Plaintiff is the trustee in the debtor's bankruptcy case.

The trustee filed a complaint against the defendants, seeking to avoid and recover transfers made by the debtor to the various defendants within four months prior to the Chapter 128 proceeding pursuant to the provisions of Wis. Stat. § 128.07 (The "Chapter 128 transfers"). (The trustee also sought avoidance and recovery of transfers made within three months under § 547 of the Bankruptcy Code.)

## DISCUSSION

The trustee's general avoidance powers are found in Bankruptcy Code §§ 544 through 549. Among the trustee's numerous powers is the power under § 544 that permits him to avoid transfers of the debtor's property that could have been avoided by a creditor under applicable state law. This gives the creditors access to what they would have had *outside* of bankruptcy, *See In re Tri–State Mechanical Servs.,*

*Inc.,* 141 B.R. 488, 494 (Bankr.W.D.Pa. 1992).

The trustee asserts that Wis. Stat. § 128.07(2) is the applicable state law referred to in § 544(b) of the Bankruptcy Code that allows him to avoid transfers of the debtor's property within four months before the filing of a petition.[3] Wis. Stat. § 128.07(2) states in pertinent part:

> If the debtor has given a preference within four months before the filing of a petition ... and the recipient has reasonable cause to believe that the enforcement of the judgment or transfer would effect a preference, the judgment shall be voidable by the receiver or assignee, and the receiver or assignee may recover the property or its value from the recipient.

In turn, § 544(b)(1) of the Bankruptcy Code, states in part:

> [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is avoidable under applicable law by a *creditor* holding an *unsecured* claim that is allowable under | 502 of this title ... (emphasis ours)

"In other words, if any *unsecured creditor* could reach an asset of the debtor outside of bankruptcy, the Trustee can use § 544(b) to obtain the asset for the estate." *In re Leonard,* 125 F.3d 543, 544. The difficulty here for the trustee is that he is not a receiver or assignee which places

---

**3.** Judge Kelley, in her decision, discussed whether the trustee could utilize the state law power directly without reference to § 544 of the Bankruptcy Code, and found that such an application would fail on constitutional grounds. Clearly this is so and is not taken up in the text of this decision.

"Congress' power to establish uniform laws on the subject of bankruptcy throughout the United States is unrestricted and paramount. *Int'l. Shoe Co. v. Pinkus,* 278 U.S. 261, 265,

49 S.Ct. 108, 73 L.Ed. 318 (1929). States may not pass or enforce laws that interfere with or complement federal bankruptcy law, or provide additional or auxiliary regulations. *Id.; In re Wis. Builders Supply Co.,* 239 F.2d 649, 656 (7th Cir.1956) (voluntary provisions of Chapter 128 of the Wisconsin Statutes were preempted by federal Bankruptcy Act.)" (p. 4 Memorandum Decision granting Motion to Dismiss.)

him outside the parameters of Wis. Stat. § 128.07(2).

The trustee argues that the failure of the legislature to include an unsecured creditor in the language of Wis. Stat. § 128.07(2) is not in and of itself determinative. The trustee asserts that because unsecured creditors are not expressly excluded by the statute and receivers' and assignees' rights of recovery apply specifically to judgments and not "transfers," as evidenced by the language in § 128.07(2), that "... *judgments* shall be voidable by the receivers or assignees" (emphasis supplied), the legislature left the right open to unnamed unsecured creditors to avoid preferential transfers.

In other words, silence in Wis. Stat. § 128.07(2) as to unsecured creditors coupled with the argued limitation in the statute that receivers and assignees can void *only* judgments,[4] translate into a right of the unmentioned creditor to avoid a preferential transfer.

Judge Kelley called this a strained interpretation of the statute which, if implemented, would cause bankruptcy "mischief." Indeed, if the legislature intended the result advocated by the trustee, it could have said so just as it did in the Uniform Fraudulent Transfer Act. Wis. Stat. § 128.07(2) allows only receivers and assignees (not individual unsecured creditors) to avoid and recover transfers. Section 544(b) of the Bankruptcy Code in turn only gives the trustee the power to avoid transfers under state law that an *unsecured creditor* would have. Since 128.07(2) does not allow an unsecured creditor to

avoid and recover transfers, § 128.07(2) is not subsumed by § 544(b) and the trustee is prevented from relying on it.

Accordingly,

**IT IS HEREBY ORDERED** that the trustee's *appeal* of the Decision and Order of Bankruptcy Judge Susan Kelley dated October 21, 2003, is **dismissed.**

**IT IS FURTHER ORDERED** that the trustee's attorneys are awarded costs in the amount of $200.00 from defendant Molten Metal Equipment Innovations. Said costs are due on or before 10 days from the date of this order.[5]

**SO ORDERED.**

---

4. Wis. Stat. 128.07(2), while inartfully drafted, must be read to allow receivers and assignees the right to avoid both judgments and preferences.

5. Defendant, Molten Metal Equipment Innovations (Molten) filed an untimely response to the trustee's Brief and Appendix. The trustee

sought to strike Molten's "Brief of Appellee." The court finds that while Molten's response was untimely, Molten's delay does not merit the briefs exclusion. The court will award to the trustee's attorneys costs in the amount of $200.00 for having to bring said motion. Said costs are due in 10 days.