278 F.2d 820
 In the Matter of Harry KRAVITZ and Jacob Rovner, Also Known as Jack Rovner, Individually and as Co-Partners Trading as Lincoln Tire Company, Bankrupts.
Wilcox-Gay Corporation, Appellant.
 No. 13068.
 United States Court of Appeals Third Circuit.
 Argued March 11, 1960.
 Decided May 4, 1960.
 
 Edward Cohen, Philadelphia, Pa. (Mark Yaskin, Dennis, Lichtenstein, Cohen & Dennis, Philadelphia, Pa., on the brief), for appellant.
 Oscar Spivack, Philadelphia, Pa. (Morris M. Wexler, Wexler, Mulder & Weisman, Miller, Adelman & Lavine, Philadelphia, Pa., on the brief), for appellee.
 Before GOODRICH, STALEY and FORMAN, Circuit Judges.
 GOODRICH, Circuit Judge.
 
 
 1
 This is a reclamation proceeding in which a seller of goods to the bankrupts seeks to reclaim them from the trustee in bankruptcy. The goods have been sold under stipulation and the claim is now against the fund. Both the referee and the learned district court have denied reclamation and the seller of the goods appeals.
 
 
 2
 On January 16, 1958, the bankrupts purchased goods on credit from the seller, The Wilcox-Gay Corporation; the goods were delivered to the bankrupts on January 17. On January 20, 1958, an involuntary petition in bankruptcy was filed and on January 21, 1958, the seller took the necessary steps to rescind the sale.
 
 
 3
 Whether the bankrupts in obtaining the goods had made "materially false statements (relied on by the seller) as to their solvency and ability to pay" was a matter on which the referee and the district court differed in approach. The referee said that he would, if necessary, find that there was ample evidence to support the allegation that the "bankrupts knew at the time of the purchase and delivery that they were hopelessly insolvent and could not pay for said merchandise and knowingly concealed their insolvency from" the seller. But he refused to decide whether there had been a positive misrepresentation which induced the credit. The district court, on the other hand, found that there was insufficient proof, as a matter of law, to support a finding of "a positive misrepresentation which induced the credit," and held that such proof was a necessary element of the seller's case. We agree with the referee that the answer to the question of "positive misrepresentation" is immaterial for, in either event, the seller cannot prevail over the trustee.
 
 
 4
 The rights of a seller to reclamation of goods because of the insolvency of a buyer are, in Pennsylvania, stated in the Uniform Commercial Code, Pa.Stat.Ann. tit. 12A. Section 2-702(1) says that "where a seller discovers the buyer to be insolvent he may * * * (b) subject to the rights of a buyer in ordinary course * * * or lien creditor under this Article (Section 2-403), and within ten days after receipt, reclaim any goods received by the buyer on credit * * *."
 
 
 5
 Section 2-403(4) refers the rights of lien creditors to, inter alia, Article 9 and Section 9-301(3) says that the term "lien creditor" includes "a trustee in bankruptcy from the date of the filing of the petition * * *."
 
 
 6
 Then when we come to the federal law, Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, states that "the trustee, as to all property * * * upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights * * * of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists." This, of course, is the so-called "strong-arm clause" of the statute by which the trustee becomes "the ideal creditor, irreproachable and without notice, armed cap-a-pie with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings."[1]
 
 
 7
 We think the correct way to put the matter is that by federal law the trustee in bankruptcy is made a lien creditor and that this right thus given him is recognized by the Uniform Commercial Code which simply states the power of the trustee as created by the prevailing law, that is, the federal law of bankruptcy.
 
 
 8
 It is perfectly clear that, while Section 70, sub. c of the Bankruptcy Act makes the trustee an ideal lien creditor, what such a lien creditor gets is determined by the law of the state involved, here Pennsylvania.[2]
 
 
 9
 Then what right does an ideal lien creditor have in Pennsylvania? We think that the Pennsylvania law gives certain lien creditors a higher claim than that of a defrauded seller and that such precedent governs this case even assuming the seller to have been defrauded in fact. In Schwartz v. McCloskey, 1893, 156 Pa. 258, 263, 27 A. 300, 301, the court said: "It has never been held, in this state, that, as against an attachment or execution on a debt contracted subsequent to the alleged voidable sale, the vendor could rescind, and reclaim the goods. On the contrary, in Smith v. Smith, 21 Pa.St. 367, the rule that he cannot do so is approvingly recognized. * * *" Mann v. Salsberg, 1901, 17 Pa.Super. 280, 285, is an authority to the same effect and this principle, so far as we can ascertain, has never been overruled or modified in Pennsylvania. The Uniform Commercial Code does not change this rule.[3] It seems to us, therefore, that, in Pennsylvania, the seller's right of rescission is not an absolute right at all but is subject to the right of a lien creditor who extended credit subsequent to the sale. By virtue of Section 70, sub. c of the Bankruptcy Act, the trustee in bankruptcy has the rights of such a lien creditor and is, in this case, entitled to the proceeds from the sale of the goods in question.
 
 
 10
 The judgment of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 In re Waynesboro Motor Co., D.C.S.D. Miss.1932, 60 F.2d 668, 669. See 4 Collier, Bankruptcy 1410-11 (14th ed. 1959)
 
 
 [2]
 See e. g., In re Consorto Const. Co., 3 Cir., 212 F.2d 676, 678, certiorari denied sub nom. Klein v. Equity Inv. Co., 1954, 348 U.S. 833, 75 S.Ct. 57, 99 L.Ed. 657
 We have no difficulties to iron out in connection with the problem in this case and our decision in In re Fidelity Tube Corp., 3 Cir., 1960, 278 F.2d 776. In that case the question presented was whether the trustee was a "judgment creditor" within the meaning of Section 6323 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6323. Because of United States v. Gilbert Associates, 1953, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071, and other precedents, we held that he was not. However, as insisted by the strong dissent in that case, the trustee's rights as a "judgment creditor" may be a different thing vis-à-vis the United States and its tax claims than it is vis-à-vis others.
 
 
 [3]
 "Unless displaced by the particular provisions of this Act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions." Pa.Stat.Ann. tit. 12A, § 1103
 We do not think that the principle that a reclamation seller's interest is subordinate to that of a lien creditor who extended credit subsequent to the sale is "displaced by the particular provisions" of Section 2-702.
 Cf. Collier, Bankruptcy ¶ 7041 n. 16 at 1322-23 (14th ed. 1959).