**In the Matter of MORT CO., Bankrupt.**
**No. 27032.**

United States District Court
E. D. Pennsylvania.

Aug. 8, 1962.

---

Marvin Krasny, for Adelman & Lavine, Philadelphia, Pa., for trustee.

Joseph L. Ehrenreich, and S. Robert Levant, for Ehrenreich, Sidkoff, Edelstein, Shusterman & Adis, Philadelphia, Pa., for petitioner.

BODY, District Judge.

Reclamation petitioner claims $612.25 which represents money the Trustee received for goods sold by the petitioner to the bankrupt two days before the bankrupt filed his voluntary petition on October 27, 1961. The Trustee sold the goods pursuant to an agreement with the petitioner.

Mort Co. called a meeting of its creditors in July of 1961 for the purpose of effectuating a settlement. The settlement was never consummated. From July 1961 until the petition in bankruptcy was filed the bankrupt continued in business. Throughout this period, by agreement between petitioner and the bankrupt, sales were on a C.O.D. basis.

On October 25, 1961 the goods in question were delivered to the bankrupt and simultaneously the bankrupt delivered his check in the amount of the order to the petitioner. Petitioner deposited the check which was never paid because of the filing of the bankruptcy on October 27, 1961. There was sufficient money on deposit to have paid the check. Within ten days the present petition for reclamation was filed.

The issue here, in the final analysis, is whether the sale by L. Perilstein Co. to Mort Co. was on credit. If the sale was not on credit the petitioner must prevail since

"Where payment is due and demanded on the delivery to the buyer of goods or documents of title, his right as against the seller to retain or dispose of them is conditional upon his making the payment due."

Section 2–507(2) Uniform Commercial Code; Pa.Stat.Ann. tit. 12 A. Thus, assuming a cash sale, petitioner had the right to reclaim the goods sold since the bank refused to pay the check. Nothing in the Bankruptcy Act changes this.

Section 70, sub. c of the Bankruptcy Act (11 U.S.C. § 110, sub. c 11 U.S.C.A. § 110, sub. c) says the trustee has any rights against the goods that any creditor would have or has in fact under state law. In re Kravitz 278 F.2d 820 (3d Cir. 1960). However, under the Pennsylvania U.C.C., as we interpret it, if the seller has a right to reclaim the goods he stands in a position superior to any creditor. If the seller extends credit, the rule of In re Kravitz will apply.

The sale here was not for credit. The comment to Section 2–511 of the Uniform Commercial Code, supra, reads:

"4. Subsection (3) is concerned with the rights and obligations as between the parties to a sales transaction when payment is made by check. This Article recognizes that the taking of a seemingly solvent.

party's check is commercially normal and proper and, if due diligence is exercised in collection, is not to be penalized in any way. * * *"

The check was not postdated. Moreover the buyer was seemingly solvent as far as this sale was concerned since there was enough money in the bank to cover the check. A businessman in financial difficulty must be able to carry on cash transactions or go out of business altogether. Unless we are to return to primitive commercial methods, such a businessman should be able to use a check for payment. This is certainly the proper rule when the check is not postdated and when, if the payee presents the check immediately to the bank on which it is drawn, he will be paid.

The facts relied upon in this opinion were found by the Referee below.

### ORDER

AND NOW, this eighth day of August, 1962, for the reasons set forth above the Order of the Referee is AFFIRMED.