**In re GOOD DEAL SUPERMARKETS INC., a corporation of the State of New Jersey, and its wholly owned subsidiaries, Allen Bakery Company, Good Deal Management Corp., Good Deal Warehouse Corp. and Rickarjef Inc., all corporations of the State of New Jersey.**

**No. B-761-73/6069DV.**

United States District Court,
D. New Jersey.

Oct. 17, 1974.

Benenson & McLaughlin, Elliot Scher, Newark, N. J., for petitioner.

Ravin & Ravin, Mitchel Lubitz, Newark, N. J., for respondent-trustee.

OPINION

WHIPPLE, Chief Judge.

This case is before the Court on appeal from the decision of the Bankruptcy Court. The facts as found by Judge DeVito are as follows:

On June 13, 1973, pursuant to the order of Good Deal Supermarkets Inc. (Good Deal), the petitioner delivered a quantity of potatoes to Good Deal at a billed cost of $3,100.00. The following day Good Deal filed a petition for arrangement pursuant to Chapter XI of the Bankruptcy Act. On June 19, the petitioner demanded the return of the potatoes pursuant to N.J.S.A. 12A:2–702. Although the demand was made within the ten day reclamation period set out in the statute, the potatoes were neither returned nor paid for.

The petitioner thereupon sought relief before the Bankruptcy Court contending that the provisions of N.J.S.A. 12A:2–702 totally supported reclamation. Judge DeVito, however, ruled that New Jersey's statute created a lien in favor of the petitioner, and that because the lien conflicted with the priorities established by the Bankruptcy Act it could not be given effect in a bankruptcy proceeding. It is from this ruling that petitioner appeals.

■ The precise issue raised by this case is one of first impression in this Court. Succinctly stated, the Court must determine whether the seller's right to reclaim under the Uniform Commercial Code as adopted by New Jersey (N.J.S.A. 12A:2–702) is a statutory lien within the meaning of Section 67c(1)(A) of the Bankruptcy Act. That section expressly invalidates as against a trustee in bankruptcy "every statutory lien which first becomes effective upon the insolvency of the debtor . . . ." Since by its own terms N.J.S.A. 12A:2–702 takes effect only upon the buyer's insolvency, its characterization as a lien would render it invalid in a bankruptcy proceeding. It is of course beyond question that the Bankruptcy Act controls whenever it is found to conflict with the provisions of a state statute. See International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929).

Apparently, the only other case dealing with the issue raised here is In re Federal's, Inc., 12 U.C.C.Rep. 1142 (E.D.Mich.1973). In that case it was held that Section 2–702 does create a statutory lien and is therefore invalid against a trustee in Bankruptcy. A petition for review of the Bankruptcy Court's decision in *Federal's* is currently pending in the U. S. District Court for the Eastern District of Michigan.

The proper determination of this case requires consideration of the language, purpose and effect of both the New Jersey statute and Section 67c(1)(A) of the Bankruptcy Act (11 U.S.C. § 107(c) (1)(A)). The state statute, N.J.S.A. 12A:2–702, enables a seller to reclaim goods delivered to an insolvent buyer, if demand for their return is made within ten days of the receipt of the goods. By the terms of the statute, the seller's right of reclamation is subject only to the right of a buyer in the ordinary course of business or other good faith purchaser as defined in the code (N.J. S.A. 12A:2–403).

As originally adopted, the seller's right to reclaim was also subject to the rights of a lien creditor. In the case of In re Kravitz, 278 F.2d 820 (3d Cir. 1960), it was held that the term "lien creditor" as used in N.J.S.A. 12A:2–702 included the trustee in bankruptcy, who is granted lienor status by virtue of § 70c of the Bankruptcy Act (11 U.S.C. § 110(c)). In 1962, in response to the *Kravitz* decision, New Jersey amended N.J.S.A. 12A:2–702 by deleting the provision granting priority to lien creditors.

■ The 1962 amendment was an obvious attempt to circumvent the holding in *Kravitz* and insure priority status to a reclaiming seller. Notwithstanding the amendment, however, it is clear that if the seller's right under Section 2–702 is characterized as a lien, the seller cannot prevail against a trustee in bankruptcy.

There are several criteria available for determining whether the seller's right to reclaim is a lien. Petitioner suggests that the legislative intent is determinative and directs the Court's

attention to the New Jersey Study Comment to Section 2–702. This comment suggests that the purpose of the provision was not to create a lien, but merely to change the rules of evidence in order to ease the seller's burden in proving fraud.

■ While the intention of the drafters is of course important, the Court is convinced that the governing criterion must be the practical effect of the Code provision. See In re Federal's Inc., *supra*; In re Trahan, 283 F.Supp. 620 (W.D.La.) aff'd, 402 F.2d 796 (5th Cir. 1968), cert. denied, 394 U.S. 930, 89 S.Ct. 1189, 22 L.Ed.2d 459 (1969). It is this Court's opinion that when viewed realistically, N.J.S.A. 12A:2–702 is indeed a statutory lien. Like other state statutory liens the right established by N.J.S.A. 12A:2–702 is for the benefit of a particular class of creditors and tends to promote a state-created priority. See 4A Collier on Bankruptcy ¶ 70.41 [1], at p. 493.

Moreover, the legislative history of Section 67(c) of the Bankruptcy Act makes clear that N.J.S.A. 12A:2–702 promotes the very evils which the federal statute was designed to eliminate. In 1966, Section 67 was amended to its present form. Prior to the amendment, explicit recognition was given to the general validity of statutory liens. The House Judiciary Committee found that these state created priorities were frustrating the order of distribution provided for in the Bankruptcy Act. As the committee reported:

> [I]f a class of creditors could obtain State legislation transforming their debts into liens, they would then be in a position superior not only to all other general creditors but to priority claimants as well. This would be the result not only in the case of liens creating a non-contingent property interest in a specific asset but also in the case of liens which become effective only in the event of insolvency . . . . These spurious liens were in reality disguised priori-

ties and the effect of their recognition in bankruptcy would be to distort the federally ordered scheme of distribution by depressing the position of [minority] claimants.

See S.Rep.No.1159, 89th Cong., 2d Sess. (1966), U.S. Code Cong. Admin. News 1966, p. 2456.

The Seller's right under N.J.S.A. 12A:2–702 disrupts the federally created order of priorities just as surely as those state created priorities specifically designated as "liens." To allow the seller to assert his right of reclamation in a bankruptcy proceeding would be animical to the very purposes of the Bankruptcy Act. Since the provision of the Uniform Commercial Code in issue here conflicts with the Federal Statute it can have no application in a bankruptcy proceeding.

The decision of the Bankruptcy Court is affirmed. An appropriate order shall be submitted.