**In the Matter of The ELI WITT COMPANY, Debtor.**

**PHILLIP MORRIS, INC., Plaintiff,**

v.

**The ELI WITT COMPANY, Defendant.**

**Bankruptcy No. 79–896 T.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Feb. 5, 1980.

See also, Bkrtcy., 2 B.R. 487.

Joseph G. Heyck, Jr., Tampa, Fla., Myron D. Cohen, New York City, for plaintiff.

John K. Olson, Tampa, Fla., for debtor/defendant.

Marvin Barkin, Tampa, Fla., Arthur S. Olick, New York City, for creditors committee.

ORDER OF DISMISSAL

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for consideration at the duly noticed pre-trial conference

upon the Defendant's Motion to Strike and Motion to Dismiss the complaint filed by the Plaintiff, Phillip Morris, Inc. The complaint under challenge sets forth six causes of action, all but one relate directly or indirectly to the rights of the plaintiff to reclaim goods from the Debtor pursuant to § 2–702 of the Uniform Commercial Code, as adopted in this State. *Florida Statutes*, § 672.2–702. The Defendant was represented by counsel at the hearing, however, no attorney or other representative of the Plaintiff appeared.

■ The initial attack on the complaint by the Defendant is based on the proposition that since the complaint was not signed by an attorney duly admitted to practice in this district and the Plaintiff has failed otherwise to comply with the provisions of Rule 102 of the Local Rules of the Bankruptcy Court for the Middle District of Florida which requires that local counsel be associated in an adversary proceeding, the complaint should be dismissed. Although at the time of the hearing, the Plaintiff was represented by New York counsel not admitted to practice before this Court, subsequent to the hearing, an appearance was filed on behalf of the Plaintiff by local counsel, therefore, the Defendant's Motion to Strike the complaint for failure to comply with Local Rule 102 should be denied as moot.

The Defendant has additionally moved to strike those portions of the complaint which seek recovery of attorneys' fees, because the allegations of the respective asserted causes of action fail to state any basis for the award of attorneys' fees either by virtue of a statute or by virtue of a contract and there is no allegation in the complaint which would support a claim for attorneys' fees. Therefore, the demand for attorneys' fees cannot be recognized.

The Defendant takes the position in its motion to dismiss that none of the Plaintiff's six asserted causes of action state a claim upon which relief can be granted.

The complaint under attack attempts to set forth six separate causes of action. The first cause of action attempts to state a claim under § 2–702(2) of the U.C.C., as adopted in this State, *Florida Statutes* § 672.2–702 (1977) and alleges that the Plaintiff is entitled to recover certain merchandise sold to the Defendant because the Debtor, while insolvent, purchased merchandise on credit from the Plaintiff during the ten days immediately preceding the filing of its petition for relief under Chapter XI of the Bankruptcy Act. Accordingly, so urges the Plaintiff, it is entitled to recover the goods sold or the funds produced by the sale of the goods, if they were sold by the Defendant. In its second cause of action, the Plaintiff claims that the Defendant converted the Plaintiff's merchandise and, therefore, it is entitled to a money judgment in the amount of $1,762,260.80, together with interest, costs and attorneys fees and for a determination that the judgment shall be accorded a first priority as cost of administration pursuant to § 64a(1) of the Bankruptcy Act.

The Plaintiff, in its third cause of action, claims that the proceeds obtained by the Defendant through the alleged conversion are trust funds held for the benefit of the plaintiff and, therefore, the Plaintiff seeks an order directing the Debtor to turn over to the Plaintiff the same amount. A claim of non-dischargeability is based on the contention set forth in the fourth, fifth and sixth causes of action that the liability incurred by the Defendant was created by obtaining property by false pretenses and false representations; that it is based on a willful and malicious conversion by the Defendant or is based on a willful and malicious injury to the Plaintiff's property. Accordingly, so urges the Plaintiff, the indebtedness of the Defendant shall be declared to be non-dischargeable by virtue of § 17a(2) and (8) of the Bankruptcy Act.

■ Considering the Plaintiff's claim to reclaim the merchandise sold to the Defendant or in the alternative, the funds allegedly obtained by the Defendant through the sale of said merchandise, this Court in considering the identical problem in a companion adversary proceeding styled, *North American Philips Corp. v. The Eli*

*Witt Company,* No. 79–896–Bky–T (September 19, 1979), held that the right of a seller of goods to reclaim property by virtue of § 2–702 of the U.C.C., as adopted in this State, *Florida Statute,* § 672.2–702 is inferior to the right of a debtor-in-possession and cannot be asserted against it. Without repeating all the reasons stated in that opinion, this Court adheres to and adopts the rationale of said decision since this Court is satisfied that the case of *In re Samuels,* 526 F.2d 1238 (5th Cir. *en banc* 1976), *cert. den., Stowers v. Mahon,* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976), is controlling and that the Plaintiff's reclamation rights are subordinate to the rights of the debtor-in-possession. The Fifth Circuit in *Samuels, supra,* specifically ruled that substantially identical rights asserted by an unpaid cash seller pursuant to U.C.C. § 2–507 were subordinate to the right of a holder of a perfected security interest. While the case did not directly concern the rights of a trustee in bankruptcy or a debtor-in-possession in an arrangement proceeding, the case is, nevertheless, dispositive of the instant controversy. This is so because the judgment lien status accorded to a trustee in bankruptcy by § 70c of the Bankruptcy Act and by virtue of § 341 of the Bankruptcy Act to a debtor involved in an arrangement proceeding is superior to the rights granted by the U.C.C. to a seller of goods who seeks to reclaim merchandise sold to an insolvent buyer. The Fifth Circuit recognized this proposition when it stated that if the creditor were to have abandoned its claim against the bankrupt, that the seller would nonetheless have lost in a priority contest with the trustee because as stated in *Samuels*:

> "Bankruptcy Act § 70c confers the status of a hypothetical lien creditor upon the Trustee. (The trustee) could assert those § 70[c] rights against (the seller), an unperfected secured party, and would prevail under UCC § 9.301(a)(2), (C)."

Further, the Court in *Samuels, supra,* stated that in conclusion:

> ". . . (the seller's) loss resulted from his own failure to comply with state law which would have enabled him to perfect his purchase money security interest.

The loss could have been avoided through his own efforts. This is not the kind of loss equity protects against."

■ Most importantly, however, *Florida Statutes,* § 672.2–702 expressly subjects a seller's reclamation rights to the rights of a lien creditor and, as previously noted, a Chapter XI debtor-in-possession possesses the status of a hypothetical lien creditor. Therefore, in light of this express statutory provision in conjunction with the holding in *Samuels, supra,* this Court is of the opinion that the Plaintiff's reclamation rights are unavailable against a Chapter XI debtor-in-possession and, therefore, the Plaintiff's first cause of action should be dismissed for failure to state a claim upon which relief can be granted.

■ The claims based on conversion and the claims of non-dischargeability asserted by the Plaintiff which are based on conversion or malicious injury to the property of another equally fail to withstand the attack of the Defendant. § 2–401(2) of the Uniform Commercial Code, as adopted in this State, *Florida Statutes,* § 672.2–401(2) provides that, unless otherwise specifically agreed, title passes to the buyer at the time and place that the seller completes the performance with regard to the physical delivery of the goods. Thus, it is clear that upon delivery of the goods by the Plaintiff, title passed to the Defendant and since conversion must be an intentional deprivation of or interference with the dominion and control of the property of another, the claim of conversion asserted cannot be recognized simply because the goods in question were no longer the properties of the Plaintiff. The same reasoning equally destroys the claim of non-dischargeability based on the contention that the Defendant was guilty of maliciously injuring the property of another.

■ This leaves for consideration the claim of non-dischargeability based on the fourth cause of action which asserts a claim on non-dischargeability by alleging that the goods were obtained by the Defendant by false pretenses, therefore, its obligation resulting from this conduct shall be declared to be non-dischargeable by virtue of

§ 17a(2) of the Bankruptcy Act. This cause of action was not pleaded properly but may be cured by an amendment specifically stating the alleged false representations.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to Dismiss Counts I, II, III, V and VI be, and the same hereby is, granted and said counts be, and the same hereby are, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Count IV of the complaint be, and the same hereby is, granted and said count be, and the same hereby is, dismissed without prejudice and the Defendant is granted 10 days to restate a claim of non-dischargeability under § 17a(2), if so deemed to be advised. It is further

ORDERED, ADJUDGED AND DECREED that in the event the amended complaint is filed, the Defendant shall, within 10 days from date of service of said amended complaint, file a motion or responsive pleading and the matter shall be rescheduled for pre-trial conference.

DONE AND ORDERED at Tampa, Florida on February 5, 1980.