In the Matter of MISSION MARINE ASSOCIATES, INC., a Corporation of the State of California authorized to do business in New Jersey, Debtor.

FESSENDEN HALL, INC., Plaintiff,

v.

MISSION MARINE ASSOCIATES, INC., Defendant.

Bankruptcy No. B–79–01241.

United States Bankruptcy Court, D. New Jersey.

April 17, 1980.

See also, Bkrtcy., 3 B.R. 543.

Jubanyik, Varbalow & Tedesco by Frank V. Tedesco, Collingswood, N. J., and Stradely, Ronon, Stevens & Young by Andre L. Dennis, Philadelphia, Pa., for plaintiff.

Lehman & Wasserman by Robert B. Wasserman, Millburn, N. J., for defendant.

## OPINION

WILLIAM LIPKIN, Bankruptcy Judge.

This matter arises out of a Complaint filed by Fessenden Hall, Inc. (Fessenden), whereby it sought to enjoin and restrain Mission Marine Associates, Inc., (Debtor), from directly or indirectly transferring ownership or possession of goods sold and delivered by it to the Debtor on May 17, 1979 and May 22, 1979, and directing the Debtor to deliver possession and transfer ownership of these goods to Fessenden.

The Debtor has filed an Answer to the Complaint denying that Fessenden is entitled to the relief sought.

Briefly the facts are as follows:

On May 23, 1979, the Debtor filed its Petition for an Arrangement under the provisions of Chapter XI of the Bankruptcy Act and an Order was entered on the same day permitting the Debtor to operate as a Debtor in Possession. No Receiver has been appointed by this Court.

The Debtor is engaged in the business of fabrication and manufacture of various types of boats and sailing vessels.

On May 17, 1979 and May 22, 1979, Fessenden delivered to the Pacemaker Division of the Debtor goods consisting of cabinet glue, plywood, corian sheet stock and bowls and delta faucets, more particularly described in the invoices attached to the Complaint.

On May 25, 1979 Fessenden, by letter addressed to the Pacemaker Division of the Debtor, made a demand, ". . . pursuant to section 2–702 of the New Jersey Uniform Commercial Code to permit Fessenden Hall Incorporated to come in and reclaim the goods which we delivered to said Pacemaker Division on May 17, 1979 and May 22, 1979 all as described in the invoices attached hereto as Exhibit A and Exhibit B."

On June 15, 1979 I signed an Order, consented to by both parties, based upon an agreement of the parties, reached in Court on June 5, 1979, whereby it was determined that the value of the goods sought to be reclaimed was $7,184.73 and, ". . . if this Court rules in favor of Fessenden Hall, Inc., on the verified Complaint in Reclamation filed on June 1, 1979, its claim in the amount of $7,184.73 will be treated and allowed in this proceeding as an administrative expense."

Within a short time thereafter, another creditor who had supplied engines to the Debtor sought to have its claim allowed as a Maritime Lien. Fessenden, together with other suppliers, has likewise sought to have its claim allowed as a maritime lien on the vessels built by the Debtor. Therefore, the resolution and determination of Fessenden's claim under the subject matter Complaint was reserved pending final decision on the issue of the existence of maritime liens. However, counsel for Fessenden has expressed a desire for a determination of its Complaint; pursuant to such request I shall now address the issue raised by Fessenden under N.J.S.A. 12A:2–702.

Fessenden seeks a judgment in its favor as set forth in the Consent Order under the provisions of section 12A:2–702 of the Uniform Commercial Code adopted by New Jersey.[1]

Though the goods in question were delivered to the Debtor within ten days of the

---

1. The right of a seller to reclaim goods delivered on credit to an insolvent buyer is contained in section 2–702(2) of the Uniform Commercial Code, which provides in part as follows:

demand by Fessenden for their return and the Debtor, for the purpose of the disposition of the issue raised by Fessenden's Complaint, admits it was insolvent, it denies that 2–702 is effective because it seeks to impress a statutory lien in violation of the provisions of Section 67 of the Bankruptcy Act (11 U.S.C. § 107).[2]

Whether the seller's right to reclaim under § 2–702 is a statutory lien within the meaning of § 67 of the Bankruptcy Act was resolved by the United States District Court for the District of New Jersey in *In re Good Deal Supermarkets, Inc.*, 384 F.Supp. 887 (1974). Therein the then Chief United States District Court Judge, Whipple, held, affirming the decision of the Bankruptcy Court, that Section 12A:2–702 sought to promote a "state created priority" for the benefit of a particular class of creditors which is hostile to the philosophy and intent of the Bankruptcy Act, which provides for an order of distribution of assets. Id. at 889. That decision holds that Section 2–702 of the Uniform Commercial Code is in conflict with the provisions of Section 67 of the Bankruptcy Act and the asserted statutory lien is null and void. This decision was followed by Judge Hill in the case of *C. Itoh (America) Co., Inc. v. Cohn (In re Garden State Farm Supply Co., Inc.)* 3 Bankr.Ct. Dec. 1195 (1978).

The issue now before the Court is on all fours with Good Deal and, therefore, the debtor must prevail over Fessenden.

The Plaintiff Fessenden cites cases of other jurisdictions which could lead to a contrary holding in its favor, and seeks a decision by me in accord with such cases. However, there are cases in other jurisdictions which are in accord with the decisions by the District and Bankruptcy Court of this District.[3]

The controlling authority in this case in this District is the decision of Good Deal by Judge Whipple. Though other Circuit Courts may have decided the issue contrary to the rationale of Good Deal, such decisions are not binding on this Court. I am bound by stare decisis to follow Good Deal and find that Fessenden does not have a valid statutory lien under § 2–702 on the goods sold by it to the Debtor but, to the contrary, find it is invalid under the provisions of § 67, set forth herein, of the Bankruptcy Act. Since appeals from Bankruptcy Judges' decisions and orders lie to the Judge of the United States District Court of New Jersey, the decisions rendered by the District Court on appeals from the Bankruptcy Court are controlling upon the same issues.

Moreover, even if I would be permitted to now weigh the conflicting decisions of the

"(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within 10 days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within 3 months before delivery the 10 day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

"(3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser under this chapter (12A:2–403). Successful reclamation of goods excludes all other remedies with respect to them."

2. § 67. Liens and Fraudulent Transfers. (11 U.S.C. § 107).

"a. (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this Act by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this Act: . . . ."

"(3) The property affected by any lien deemed null and void under the provisions of paragraphs (1) and (2) of this subdivision a shall be discharged from such lien, and such property . . . shall pass to the trustee of debtor, as the case may be . . . ."

"c. (1) The following liens shall be invalid against the trustee:

(A) every statutory lien which first becomes effective upon the insolvency of the debtor . . . ."

3. See cases cited in *Good Deal*, supra, and *Garden State Farm Supply*, supra, and also Green, "Statutory Liens and the Bankruptcy Act: U.C.C. § 2–702 and Section 67(c)", 10 Creighton L.Rev. 733 (1977).

various districts, contrary to the preceding paragraph, and render an opinion without regard to stare decisis, I would render a decision in favor of the Debtor. The Legislative Report associated with the enactment of Section 67 of the Bankruptcy Act, as stated by Judge Whipple in Good Deal, page 889, reflects the salient reason for supremacy of Section 67 over priorities in distribution sought to be established by State Legislatures.

I am in accord with Good Deal and Garden State Farm Supply, whereby the rights of Fessenden under § 2–702 as a statutory lien claimant are subject to the provisions of the Bankruptcy Act and the lien is invalid under the provisions of Section 67.[4] As was stated by Judge Whipple in Good Deal, page 889, "[s]ince the provisions of the Uniform Commercial Code in issue here conflicts with the Federal Statute it can have no application in a bankruptcy proceeding.", I must find that Fessenden's claim to the goods under the provisions of § 2–702 must be denied.

An Order shall be submitted in accordance with the foregoing findings of fact and conclusions of law.