In the Matter of The ELI WITT COMPANY, Debtor.

R. J. REYNOLDS TOBACCO COMPANY, Plaintiff,

v.

The ELI WITT COMPANY, Defendant.

Bankruptcy No. 79–896.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

July 7, 1981.

John K. Olson, Tampa, Fla., for Eli Witt Co.

Francis H. Cobb, Tampa, Fla., for R. J. Reynolds Tobacco Co.

## ORDER OF DISMISSAL

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a pre-Code arrangement proceeding and the matter under consideration is a right of the Plaintiff, R. J. Reynolds Tobacco Company (R. J. Reynolds) to reclaim goods from the Eli Witt Company (Eli Witt), the Debtor. The matter is presented by a Motion to Dismiss filed by Eli Witt which seeks a dismissal of all three Counts of the complaint of R. J. Reynolds. Eli Witt also filed a Motion to Strike the prayer for attorneys fees.

The claim set forth in Count I is based on § 2–702 of the UCC. In support of this claim, R. J. Reynolds alleges that it sold to Eli Witt on credit, cigarettes and tobacco products; that at the time of the sale, Eli Witt was insolvent; that R. J. Reynolds made a timely written demand for the return of the goods sold; therefore, by virtue of the specific provisions of § 2–702 of the UCC it is entitled to the return of the goods sold or in the alternative, to be paid the value of the goods sold.

The claim set forth in Count II asserts common law right to reclaim goods on the ground that they were obtained through false representation of solvency; made with intent to deceive and defraud R. J. Reynolds; that R. J. Reynolds relied upon such representations; that it effectively rescinded the transaction and for this reason it is entitled to return of the goods and any proceeds.

The claim set forth in Count III is based on the allegation that Eli Witt's refusal to return the goods after R. J. Reynolds made its demand for return is tantamount to conversion and, therefore, R. J. Reynolds is entitled to recover damages in full plus interest.

The complaint is attacked by Eli Witt who seeks a dismissal of all three Counts. The Motion to Dismiss is based on the contention that none of the three Counts set forth a cognizable claim for which relief can be granted.

It is the Debtor's contention first that under the applicable principles governing choice of law, the laws of Florida govern the claim set forth in Count I. F.S. Chapter 672.2–702. This Section of the Uniform Commercial Code as adopted in this State at the time pertinent, provided that the seller's right to reclaim is subject to the rights of a lien creditor. Accordingly, the trustee's lien creditor status is superior to R. J. Reynolds' right to reclaim. In opposing this contention, R. J. Reynolds first contends that under the *Erie-Klaxon* doc-

trine *Erie R. R. v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), this Court should look to the law of the forum where the transactions in question arose, i. e. North Carolina.

Second, Reynolds contends that conflict of law rules require that the court apply North Carolina substantive law rather than Florida substantive law. In support of this proposition, Reynolds asserts that this choice of law is the proper one because Reynolds maintains its headquarters in North Carolina; accepted orders from the Debtor in North Carolina; that the contracts for the sale of goods on credit came into being in North Carolina; therefore, the law of North Carolina controls.

The conflict question is significant because North Carolina unlike the other seven states which have some relation to this transaction, adopted the 1966 version of the Uniform Commercial Code in UCC § 2–702(3) deleting the words "or lien creditor" from this Section. It is necessary, therefore, to analyze the appropriate choice of law in order to determine whether North Carolina, Florida, or some other state's law should control here.

 The Court is satisfied that the applicable and controlling law in the present instance is Florida's. First, R. J. Reynolds is in error in seeking to have this Court apply the law applicable in federal diversity jurisdiction cases following *Erie R. R. Co. v. Tompkins, supra* and its progeny. This case is a *bankruptcy case* and this Court is free to make determinations concerning property before the Court without reference to the specific conflict of law rules arising under the *Erie, supra* test. 4A *Collier,* ¶ 70.04, N. 31; ¶ 70.07 N. 8; Moore, *Commentary on the U. S. Judicial Code,* 356 (1949); Hill, *State Procedural Law in Federal non-Diversity Litigation,* 69 Harv.L. Rev. 66, 100–105 (1955); Hill, *The Erie Doctrine in Bankruptcy,* 66 Harv.L.Rev. 1013, 1014, N. 135 (1953). Although the cases cited by Eli Witt do not squarely address the issue of choice of law, those cases do

refer to a line of cases which have stated that "matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought." *Scudder v. The Union National Bank of Chicago,* 91 U.S. 406, 23 L.Ed. 245 (1895); *Center Chemical Co. v. Avril,* 392 F.2d 289 (5th Cir. 1968); *Perry v. Lewis,* 6 Fla. 555 (1856), in which the Court stated that the remedies are to be governed by the laws of the State where the suit is brought.

In addition, there is persuasive authority to support the proposition that the law of the State where the demand for reclamation is made is controlling. *In re Sitkin & Refining Inc.,* 639 F.2d 1213, 1214 (5th Cir. 1981); *Sorrels v. Texas Bank & Trust Co.,* 597 F.2d 997 (5th Cir. 1979); *National Ropes, Inc. v. National Diving Service, Inc.,* 513 F.2d 53 (5th Cir. 1975).

Lastly, there is ample authority which holds that the laws applicable to determine questions of title or right to the property of bankruptcy estates is that of the jurisdiction where the property is physically located. *Tate v. Hain,* 181 Va. 402, 25 S.E.2d 321, 325–326 (1943); *In re Gervich,* 570 F.2d 247 (8th Cir. 1978). In this case, it is undisputed that the goods involved were shipped by R. J. Reynolds to various Eli Witt locations in Alabama, Florida, Georgia, Kentucky, North Carolina, South Carolina, Tennessee and Texas. At the time R. J. Reynolds alleges in its complaint that it made demand on Eli Witt's corporate headquarters in Florida for the return of those goods, the goods were located in those eight different states.

 This is the third adversary proceeding brought within this Chapter XI case in which this Court was called upon to consider claims of suppliers for reclamation of goods from the Debtor. Although some different arguments are advanced here by Reynolds, the Court concludes that Eli Witt is correct and that this proceeding is not substantively different from the companion adversary proceedings styled *North American Philips Corp. v. The Eli Witt Company,* No. 79–896 Bky.T. (M.D.Fla. Sept. 9, 1979)

and *Phillip Morris, Inc. v. The Eli Witt Company*, 2 B.R. 492 (Bkrtcy.M.D.Fla.1980). In both of these cases, this Court held that the right of a seller of goods to reclaim property based on § 2–702 of the UCC as adopted in the State of Florida as Fla.Stat. § 672.702 cannot be asserted against a debtor-in-possession. Without repeating all of the reasons stated in those two opinions, each of which is adopted and incorporated here by reference, this Court is satisfied that the case of *In re Samuels*, 526 F.2d 1238 (5th Cir. *en banc* 1976), *cert. den.* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976) is controlling and that the reclamation right of Reynolds is subordinate to the rights of Eli Witt. The Fifth Circuit in the *Samuels, supra* case specifically ruled that substantially identical rights asserted by an unpaid cash seller pursuant to UCC § 2–507 were subordinate to the rights of a holder of a perfected security interest. While the case did not directly deal with the rights of a trustee in bankruptcy or a debtor in an arrangement proceeding, the case is, nevertheless, dispositive of the instant controversy. This is so because the judgment lien status referred to in Fla.Stat. § 672.702, which is accorded to a trustee in bankruptcy by virtue of § 70(c) of the Bankruptcy Act is equally accorded to a debtor in a Chapter XI proceeding by virtue of § 341 of the Bankruptcy Act. The Fifth Circuit recognized this proposition when it held that if the creditor were to have abandoned its claim against the bankrupt, the seller would nonetheless have lost in a priority contest with the trustee because § 70(c) of the Bankruptcy Act confers the status of a hypothetical lien creditor upon the trustee. As such, the trustee would prevail against an unperfected secured party such as a seller and would prevail under UCC § 9–301(3). Further, the Court in *Samuels, supra* stated in its conclusion that:

"... [The seller's] loss resulted from his own failure to comply with state law which would have enabled him to perfect his purchase money security interest. The loss could have been avoided through his own efforts. This is not the kind of loss equity protects against."

Reynolds, of course, is in complete disagreement with the logic and the validity of Eli Witt's reasoning and contends that the instant case is different from this Court's previous decisions regarding the rights of reclaiming sellers in the companion cases of *North American Phillips Corp. v. The Eli Witt Company, supra* and *Phillip Morris, Inc. v. The Eli Witt Company, supra* and urges that *In re Samuels, supra* is not controlling. First, R. J. Reynolds contends that *Samuels, supra* dealt with the priority rights of a secured creditor whose interest was properly perfected and the rights of a reclaiming seller who held an unperfected security interest and these rights were determined on the basis of § 9–301 of the UCC. In the present instance, R. J. Reynolds does not claim to have a security interest of any kind, therefore, § 9–301 is not applicable to determine priorities. Therefore, according to R. J. Reynolds, if the Court finds that North Carolina law is applicable, there is no doubt that the reclaiming seller would defeat the rights of a debtor-in-possession because "lien creditor" under § 2–702 has been deleted from the state's statute. In addition, R. J. Reynolds contends that no matter whose state law applies, it can recover as a reclaiming seller. This is so, contends R. J. Reynolds, because even though the term "lien creditor" is defined to include a bankruptcy trustee in § 1–201(12) of each state's version of the UCC, the lien creditor's priority rights are not provided for. Thus, in order to determine what rights a debtor-in-possession has as a lien creditor, one must look to applicable pre-UCC state law. Therefore, if a reclaiming seller could defeat a lien creditor under applicable pre-U.C.C. state law, the reclaiming seller takes priority over a debtor-in-possession under the Code. See e. g., *In re Kravitz*, 278 F.2d 820 (3d Cir. 1960); *In re PFA Farmers Market Association*, 583 F.2d 992 (8th Cir. 1978) *reh. den. en banc; In re Telemart Enterprises, Inc.*, 524 F.2d 761 (9th Cir. 1975).

In opposition to R. J. Reynolds' main contention that it can recover as a reclaiming seller irrespective of the application of Flor-

ida law or any of the laws of the other states involved in this matter, the Debtor contends that it is absurd to find that a seller without any security interest is better off than a seller with an unperfected security interest. In addition, the Debtor points out that Florida law controls, and under Florida law, Fla.Stat. § 672.702; 679.301, a debtor-in-possession as a lien creditor has priority over a reclaiming seller. Thus, to accept the contention of R. J. Reynolds would force a reading of § 2–702 as including the term "lien creditor" as mere surplusage.

■ This Court is both in agreement with and adopts the *en banc* holding in the *Samuels, supra* case which has been reaffirmed by the Fifth Circuit as recently as the case of *In re Sitkin Smelting & Refining, Inc., supra* in which both the majority and dissenting opinions reaffirm the validity of the *Samuels, supra* case holding that an intervening lien creditor cuts off the rights of a reclaiming seller of goods.

In addition, Fla.Stat. § 672.702 expressly subjects a seller's reclamation rights to the rights of a lien creditor and, as previously noted, a Chapter XI debtor-in-possession possesses the status of a hypothetical lien creditor. Therefore, in light of this express statutory provision in conjunction with the holding in *Samuels, supra* this Court is of the opinion that the Reynolds' reclamation right granted to a seller of goods by § 2–702 of the UCC is unavailable against the Chapter XI debtor-in-possession and, therefore, Count I of the Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

R. J. Reynolds' second Count asserts a common law right of a defrauded seller for rescission and reclamation. It is Eli Witt's contention that the common law has been legislatively superseded by the enactment of § 2–702 of the UCC. Further, it is urged that the common law right of rescission is in the nature of an equitable lien which under § 60(a)(6) of the Bankruptcy Act, is not recognized where an available means of perfecting a legal lien has not been employed.

■ The Court is satisfied that the Motion to Dismiss Count II is well taken and should be granted because a common law remedy no longer exists under the Code. See, U.C.C. § 1–103 which only allows the common law to supplement if not displaced by particular provisions of the Code. Florida Statute § 672–702(2) provides "*except as provided in this sub-section the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.*" (emphasis supplied) cf. *In re Weston's Corp.*, 17 U.C.C.Rep.Serv. 423 (S.D.N.Y.1975) in which Bankruptcy Judge Herzog stated that:

"Equitable considerations require that I reject the argument that since § 2–702 is by its final sentence, made an exclusive remedy, once it is invalidated by § 67(c)(1)(A), the seller is left without a remedy. I find the argument specious and the notion abhorrent to a court of equity. Surely § 2–702 must be read together and the last sentence of sub-section (2) must be taken to mean that § 2–702 is the exclusive remedy if it survives attack by the trustee, and if invalidated by § 67(c)(1)(A) the seller is not to be deprived of any pre-Code remedy he may have had."

■ R. J. Reynolds' third count, based on conversion, likewise fails to withstand the Defendant's motion to dismiss. Section 2–401(2) of the U.C.C. provides that, unless otherwise specifically agreed, title to goods passes to the buyer at the time and place that the seller completes the performance with regard to the physical delivery of the goods. Thus, it is clear that upon delivery of the goods by Reynolds, title passed to the Debtor. Since conversion must be an intentional deprivation of or interference with the dominion and control over the *property of another* (emphasis supplied), the claim of conversion asserted cannot be recognized simply because the goods in question were no longer the property of the Plaintiff. Although R. J. Reynolds contends that the buyer of goods who purchases same through fraud only obtains voidable title and a rec-

lamation demand operates to revest title in the seller, this Court is satisfied that such is not the case under the UCC. This result must obtain under the clear Fifth Circuit mandate of the *Samuels, supra* case holding that there is no right to go after proceeds of goods whose reclamation is sought. In essence, the R. J. Reynolds' assertion that it is entitled to recovery on a conversion theory is nothing more than an effort to recover proceeds from the sale of goods, and to achieve indirectly that which is prohibited by the Fifth Circuit in *Samuels, supra*.

In light of the foregoing, it is unnecessary to consider the Motion to Strike since all three Counts of the complaint are dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the motion to dismiss Counts I, II and III of the amended complaint filed by the Eli Witt Company be, and the same hereby is, granted and the said counts be, and the same hereby are, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Strike Attorney Fees and interest filed by the Eli Witt Company be, and the same hereby is, denied as moot.