In re The ELI WITT COMPANY, Debtor.

BROWN & WILLIAMSON TOBACCO CORPORATION, Plaintiff,

v.

The ELI WITT COMPANY, Defendant.

Bankruptcy No. 79–896–T.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Nov. 16, 1981.
As Amended Dec. 28, 1981.

See also, Bkrtcy., 2 B.R. 492, Bkrtcy., 12 B.R. 757.

John K. Olson, Tampa, Fla., for defendant.

Roy W. Cohn, Tampa, Fla., James F. Queenan, Jr., Bowditch & Dewey, Worcester, Mass., for plaintiff.

## ORDER OF DISMISSAL AND ORDER SUSTAINING OBJECTION TO CLAIM

ALEXANDER L. PASKAY, Bankruptcy Judge.

This is a pre-Code arrangement proceeding and the matter under consideration is

the asserted right of the plaintiff, Brown & Williamson Tobacco Corporation ("Brown & Williamson") to reclaim goods from defendant The Eli Witt Company ("Eli Witt"), the debtor. The matter is presented by a motion to dismiss filed by Eli Witt which seeks a dismissal of all six counts of the complaint of Brown & Williamson. Eli Witt also filed a motion to strike the prayer for interest contained in Brown & Williamson's complaint. Also under consideration is Debtor's Objection to that portion of the Claim of BROWN & WILLIAMSON, as amended, asserting a priority and secured status to the extent of one million, two hundred twenty-seven thousand, four hundred twenty-six and 73/100 dollars ($1,227,426.73) of the total indebtedness claimed due BROWN & WILLIAMSON from ELI WITT, that being one million, nine hundred eighty-seven thousand, one hundred forty-two and 06/100 dollars ($1,987,142.06). Debtor consents to the allowance of the claim in the amount of one million, nine hundred eighty-seven thousand, one hundred forty-two and 06/100 dollars ($1,987,142.06) as a general unsecured claim.

The claim set forth in Count I of the complaint of Brown & Williamson is based upon section 2–702 of the Uniform Commercial Code. In support of this claim, Brown & Williamson alleges that it sold to Eli Witt, on credit, certain goods in the amount of $1,227,426.73 within ten (10) days prior to the filing of Eli Witt's Chapter XI proceeding herein; that at the time of the sale, Eli Witt was insolvent; that Brown & Williamson made a timely written demand upon Eli Witt at its corporate headquarters in Tampa, Florida, for the return of the goods; and that Brown & Williamson is entitled to reclaim the goods pursuant to the provisions of UCC § 2–702.

The claim set forth in Count II asserts that Eli Witt as debtor-in-possession in this proceeding sold a substantial portion of the goods; that Brown & Williamson had a property interest in the goods at the time of such sales; that such sales constituted conversion by the debtor of that property interest; and that as a result, Brown & Williamson is entitled to a priority claim as a cost of administration under § 64(a) of the Bankruptcy Act.

In Count III, Brown & Williamson asserts that the sales by Eli Witt as alleged constitute a willful and malicious conversion of property of Brown & Williamson, giving rise to a nondischargeable debt pursuant to § 17(a) of the Bankruptcy Act.

In Count IV, Brown & Williamson asserts that the receipt by Eli Witt of the goods as alleged was by means of false pretenses or false representations, consisting of "implied-in-fact representations to plaintiff that defendant had the ability to pay its debts as they became due", and that such false pretenses or false representations also consisted of "implied-in-fact representations to plaintiff that the total value of defendant's assets then exceeded the total of defendant's indebtedness." By virtue of these alleged false pretenses or false representations, Brown & Williamson contends that Eli Witt's debt to it is nondischargeable pursuant to § 17(a) of the Bankruptcy Act.

In Count V, Brown & Williamson asserts that it is entitled to a lien on all identifiable proceeds from the sale of the goods, and in Count VI, asserts that Eli Witt holds such proceeds as constructive trustee for the benefit of Brown & Williamson.

The complaint is attacked by Eli Witt, which seeks a dismissal of all six counts. The motion to dismiss is based upon the contention that none of the counts sets forth a cognizable claim upon which relief can be granted.

This is the fourth adversary proceeding brought within this Chapter XI case in which this court is called upon to consider claims of suppliers for reclamation of goods from this debtor. Although some different allegations are advanced here by Brown & Williamson, the court concludes that Eli Witt is correct and that this proceeding is not substantively different from the companion adversary proceedings styled *North American Philips Corp. v. The Eli Witt Company*, No. 79–896–Bky–T (M.D.Fla., Sept. 9, 1979), *Philip Morris, Inc. v. The Eli Witt Company*, 2 B.R. 492 (Bkrtcy.M.D.Fla. 1980) and *R. J. Reynolds Tobacco Company v. The Eli Witt Company*, Case No. 79–896–Bky–T (M.D.Fla., Aug. 21, 1981). In all of these cases, this court held that the right of a seller of goods to reclaim property based on § 2–702 of the Uniform Commercial Code, adopted in the State of Florida as Florida Statutes § 672.702, cannot be asserted against a debtor-in-possession.

Without repeating all of the reasons stated in these three opinions, each of which is adopted and incorporated here by reference, this court is satisfied that the case of *In re Samuels*, 526 F.2d 1238 (5th Cir. *en banc* 1976), *cert. denied* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976) is controlling and that the reclamation right of Brown & Williamson is subordinate to the rights of Eli Witt. The Fifth Circuit opinion in the *Samuels* case relies principally upon the fact that the judgment lien creditor status referred to in UCC § 2–702, which is accorded to a trustee in bankruptcy by virtue of § 70c of the Bankruptcy Act, is equally accorded to a debtor in a Chapter XI proceeding by virtue of § 341 of the Bankruptcy Act. This court is clearly bound by the *Samuels* decision. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir., 1981). In addition, and in response to the specific request by counsel for Brown & Williamson that the court address these matters, the court concludes as alternative bases for its holding that the asserted reclamation rights must also fail as invalid statutory liens, under § 67(c) of the Bankruptcy Act, as disguised state-created priorities which are in conflict with § 64 of the Bankruptcy Act, and as rights in the nature of an equitable lien which, under § 60(a)(6) of the Bankruptcy Act, may not be recognized because Brown & Williamson here failed to use an available means of perfecting a legal lien through a purchase money security interest perfected under Article 9 of the UCC. For all of these reasons, as set forth herein and in the opinions entered by the court in the companion cases, Brown & Williamson's first count must be dismissed with prejudice.

▮ Brown & Williamson's second count seeks a declaration that the sales of goods by Eli Witt constituted conversion giving rise to a first priority claim under § 64(a) of the Bankruptcy Act. As a procedural matter, the court concludes that no such cause of action may properly be brought as an adversary proceeding under Bankruptcy Rule 701. Accordingly, this issue shall be considered within the context of ELI WITT's Objection to BROWN & WILLIAMSON's claim as amended, filed herein, which claim asserts a priority and secured status. At the hearing held on Eli Witt's motion to dismiss, Brown & Williamson's counsel stated that the priority sought

to be asserted was as a cost of administration under § 64(a)(1) of the Bankruptcy Act. The court can conceive of no circumstance under which the sale of goods on credit prior to the filing of a bankruptcy petition could give rise to such a claim as a cost of administration. The sales by Brown & Williamson to Eli Witt occurred pre-petition. Had the sales been post-petition, of course, a claim for an administrative priority might be appropriate. Brown & Williamson's assertion that an administrative priority is available here, however, can only be based upon what the court concludes is an incorrect belief that pre-UCC concepts of voidable title in the sale of that the seller completes the performance with regard to the physical delivery goods still exist under the Uniform Commercial Code. Section 2–402(2) of the Uniform Commercial Code provides to the contrary that, unless otherwise specifically agreed, title to goods passes to the buyer at the time and place of the goods. Thus, it is clear that upon delivery of the goods by Brown & Williamson, title passed to Eli Witt. Since conversion must be an intentional deprivation of or interference with the dominion and control over the property of another, the claim of conversion asserted simply cannot be recognized because the goods in question were no longer the property of Brown & Williamson. Concepts of voidable title in the sale of goods have been legislatively abolished by UCC § 2–401(2). This result must also obtain under the mandate of the *Samuels* case holding that there is no right to go after proceeds of goods whose reclamation is sought. In essence, Brown & Williamson's assertion that it is entitled to a priority claim for the post-petition sale of goods delivered to it pre-petition on a conversion theory is nothing more than an effort to recover proceeds from the sale of goods, and to achieve indirectly that which is prohibited by the Fifth Circuit in the *Samuels* case. The second count of Brown & Williamson's complaint must be dismissed with prejudice, and Eli Witt's objection to the priority and secured status claimed by Brown & Williamson must be sustained.

▮ The third count of the complaint asserts that Eli Witt's post-petition sales of the goods delivered to it pre-petition constituted willful and malicious conversion of Brown & Williamson's property, giving rise to a nondischargeable debt. As stated above, the court does not believe that the

facts set forth in the complaint are sufficient to state a claim for conversion, a requisite of any cause of action for nondischargeability by virtue of willful and malicious conversion. However, it is conceivable that some facts could be alleged which would state a claim for nondischargeability, and so the court will dismiss the third count, with leave to amend.

 The fourth count asserts that goods were received through false pretenses or false representations, giving rise to a nondischargeable debt under § 17(a) of the Bankruptcy Act. Under the case of *Davison-Paxon Co. v. Caldwell*, 115 F.2d 189 (5th Cir. 1940), such a cause of action requires allegation and proof of acts of moral turpitude or intentional wrong, none of which have been alleged here. The motion to dismiss must therefore be granted. However, it is conceivable that such facts could be alleged, and so the dismissal will be with leave to amend.

The fifth and sixth counts seek to recover proceeds from the disposition of the goods, under a lien or constructive trust theory. As noted above, the *Samuels* case is absolutely clear in its prohibition on the recovery of proceeds in this context. These two counts must be dismissed with prejudice.

In light of the foregoing disposition of the motion to dismiss and objection to claim, it is unnecessary to consider Eli Witt's motion to strike the prayer for interest, since all six counts of the complaint are dismissed.

Accordingly, it is

ORDERED, ADJUDGED and DECREED that the motion to dismiss Counts I, II, V and VI of the complaint be, and the same hereby is, granted, and the said counts be, and the same hereby are, dismissed with prejudice. It is further

ORDERED, ADJUDGED and DECREED that the motion to dismiss Counts III and IV of the complaint, be and the same hereby is, granted, and the said counts be, and the same hereby are, dismissed without prejudice, and plaintiff Brown & Williamson Tobacco Corporation be, and the same hereby is, given leave to file an amended complaint as to Counts III and IV within 20 days from the date of this order, failing which, Counts III and IV shall stand dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that Debtor's Objection to Claim is granted, and the claim of BROWN & WILLIAMSON is disallowed to the extend that the claim asserts a priority and secured status. However, the claim is allowed as a general unsecured claim in the amount of $1,987,142.06. A separate Order Amending and Allowing Claim shall be entered in the General Claim file. It is further

ORDERED, ADJUDGED and DECREED that the motion to strike the prayer for interest be, and the same hereby is, denied as moot.